```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA              :

      -v-                             :     AFFIRMATION

                                      :     08 Cr. 181 (TPG)
MARIO S. LEVIS,
    a/k/a "Sammy Levis,"              :

             Defendant.               :

- - - - - - - - - - - - - - - - - - - - - X

STATE OF NEW YORK              )
COUNTY OF NEW YORK             :  ss.:
SOUTHERN DISTRICT OF NEW YORK  )
```

DAVID M. SIEGAL, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury:

1.   I am an Assistant United States Attorney in the Office of LEV L. DASSIN, Acting United States Attorney for the Southern District of New York. I submit this affirmation in support of an order designating this case as a case with "multiple crime victims" pursuant to Title 18, United States Code, Section 3771 (d)(2), and approving certain victim notification procedures as "reasonable" under that Section as well.

2.   On October 30, 2004, the "Justice for All Act of 2004" ("the Act") was enacted, which expanded the rights of victims and established certain requirements concerning victim

notification by the Government.[1]  See 18 U.S.C. § 3771(a).  The Act provides as follows:

>    (a) Rights of crime victims.--A crime victim has the following rights:
>
>    (1) The right to be reasonably protected from the accused.
>
>    (2) The right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused.
>
>    (3) The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.
>
>    (4) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.
>
>    (5) The reasonable right to confer with the attorney for the Government in the case.
>
>    (6) The right to full and timely restitution as provided in law.
>
>    (7) The right to proceedings free from unreasonable delay.
>
>    (8) The right to be treated with fairness and with respect for the victim's dignity and privacy.

18 U.S.C. § 3771(a).

---

[1] The Act defines a "crime victim" as "a person directly and proximately harmed as a result of the commission of a federal offense . . . ." 18 U.S.C. § 3771(e).

3. The Act recognizes that in cases involving large numbers of crime victims, it may be impracticable to accord all of the crime victims the rights identified in Section 3771(a). See 18 U.S.C. § 3771(d)(2). The Act provides that in such cases, "the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong proceedings." Id.

4. This case involves an approximate five year scheme (between 2001 and 2005) by the defendant and others to defraud market analysts, investors, and potential investors in the securities of Doral Financial Corporation ("Doral"), a publicly held financial holding company with, among other things, mortgage banking operations in Puerto Rico and New York, New York, the common stock of which was traded on the New York Stock Exchange. Doral's shareholders numbered in the thousands during the relevant time period. Every owner of one of these securities during the time period from 2001 to 2005 is a potential crime victim in this case. Thus, there are literally thousands of victims of this crime. In fact, I have been informed that the trading data for Doral's common stock showed that approximately 25 million shares were traded during just one 10-day period in late January 2005. Identifying and notifying each of the victims of this crime would take many months, if not longer, and would be extremely expensive. During the course of investigating this

matter, the Government attempted, with the aid of the Federal Bureau of Investigation and the United States Securities and Exchange Commission, to identify victims of this crime to ascertain whether some victims might be potential trial witnesses. These diligent efforts did not produce anything approaching a definitive catalog of victims.

5.   In the attached proposed Order, the Government has proposed an alternative plan for the notification of victims, which involves the following actions by the Government and the Court:

(1)   The Government will cause a notice ("the Notice") of this case to be: (a) posted on the Internet at http://www.usdoj.gov/usao/nys/victimwitness.html; and (b) sent directly to AOL, the primary victim.

(2)   The Notice will contain the following information:

a.   The caption, case number, assigned judge, and names of corporate entities (if public) involved in the case for which notification is made;

b.   A substantially verbatim listing of the rights provided for in Title 18, United States Code, Section 3771(a);

c.   A listing of public proceedings scheduled in the case for which notification is made; and

4

    d. The name and contact information for a United States Attorney's Office official with responsibility for addressing victims' rights.

   (3) Subsequent to the posting and distribution of the Notice, the Government will update the internet posting relating to this case to reflect scheduled court and public proceedings, within a reasonable period of time of such scheduling.

   (4) The Notice will specify that the Court, in order to conduct orderly proceedings and to maintain a reasonable schedule, requires advance notice from victims who wish to be heard during court proceedings such as plea proceedings and sentencings.  Based on the number of victims who provide such notice, the Court will rule on the manner in which victims will be heard at such proceedings.

6. The Government respectfully submits that the proposed procedures represent a "reasonable procedure to give effect to" the Act that will not "unduly complicate or prolong proceedings," and respectfully requests that the Court endorse the procedures as described in the proposed Order.

I declare under penalties of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated:   New York, New York
         March 18, 2008

                                    _____/s/_____
                                    DAVID M. SIEGAL
                                    Assistant United States Attorney