UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.   )<br>)<br>MARIO S. LEVIS,   )<br>a/k/a "Sammy Levis,"   )<br>_____ ) | NO. 08-CR-181 |

**DEFENDANT'S MOTION FOR EARLY PRODUCTION OF
JENCKS, AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Mario Levis, through counsel, and pursuant to 18 U.S.C. §3500, the Due Process Clause, and *Brady v. Maryland*, 373 U.S. 83 (1963), respectfully moves this Honorable Court for an Order compelling the government to provide the prior statements of witnesses seven (7) calendar days prior to trial. In support of this motion, Mr. Levis states:

1.   This is a complicated financial case involving allegations of accounting fraud and misrepresentations regarding Doral Financial Corporation's valuation of a unique asset called an "interest-only" strip ("IO strips").

2.   Trial is scheduled to commence on March 29, 2010.

3.   The government has listed approximately 35 witnesses on its witness list and estimates that its case-in-chief will last at least three weeks. The defense estimates that its case will last at least one week.

4.   The defense has been informed that the Court is scheduled to be on leave beginning the first week of May. Because the trial must be concluded by that time, it is imperative that there be no unnecessary delays during the trial.

5.   Given the length of the government's investigation, the overlap with a parallel SEC inquiry, and the number of anticipated witnesses, the defense believes that there is a large volume of Jencks Act material in the government's possession.

6.   Because of the complexity of the case and the density of the subject matter, the defense will need sufficient time – indeed, more time than in a typical case – to review the Jencks Act statements of each witness and incorporate those statements into the cross-examination of the particular witness.

7.   The defense has asked the prosecutors to provide the Jencks Act statements in their possession prior to trial so that there will be no unnecessary delays during the trial. The prosecutors have not responded to the defense's request.

8.   The defense is mindful that the plain language of the Jencks Act, 18 U.S.C. §3500, "prohibits a District Court from ordering the pretrial disclosure of witness statements." *United States v. Coppa*, 267 F.3d 132, 145 (2d Cir. 2001). However, "[i]t is, of course, a fundamental axiom of American law, rooted in our

history as a people and requiring no citations to authority, that the requirements of the Constitution prevail over a statute in the event of conflict." *Id.* at 145-46.

9.  Thus, for example, witness statements that fall within the ambit of *Brady/Giglio* "may be required to be produced in advance of trial despite the Jencks Act." *Id.* at 146; *accord United States v. Rittweger*, 524 F.3d 171, 181 n.4 (2d Cir. 2008) ("Complying with the Jencks Act, of course, does not shield the government from its independent obligation to timely produce exculpatory material under *Brady* – a constitutional requirement that trumps the statutory power of 18 U.S.C. §3500."); *see also United States v. Rodriguez*, 496 F.3d 221, 225-26 (2d Cir. 2007).

10. The government has not disclosed any witness statements under either the Jencks Act or *Brady*. Given the number of witnesses, it is inconceivable that none of their interview reports contains any impeachment or exculpatory statements about Mr. Levis's purported misstatements, his knowledge and state of mind, the independence of the outside valuations of the IO strips, the legitimacy of the internal valuation of the IO strips, and the like.

11. Moreover, because of the government's dilatory behavior in producing discovery in this matter, as well as its ever-changing views about what constitutes Rule 16 material, the defense submits that the government cannot be entrusted with

making fair determinations of which Jencks Act statements constitutes *Brady* material.

12.   Under the unique circumstances of this case – including the short window within which the parties must complete the trial, the complexity of the charges, the density of the subject matter, the amount of discovery produced to date, the number of witnesses, and the number of anticipated Jencks Act statements – the Due Process Clause requires the early disclosure of Jencks Act statements, notwithstanding the plain language of 18 U.S.C. §3500.

13.   In *United States v. Gil*, 297 F.3d 93 (2d Cir. 2002), the Second Circuit vacated a defendant's fraud convictions and remanded for a new trial because the government had produced an exculpatory document, on a Friday before a Monday trial, within two boxes containing more than 2,700 pages of Jenks Act material. *Id.* at 106. The Court rejected the argument that production of *Brady* material was sufficient on the eve of trial:

> Although the Bradford memo was produced before trial, the defense was not in a position to read it, identify its usefulness, and use it. It was among five reams of paper labeled "3500 material," delivered sometime on the Friday before a Monday trial, at a time presumably when a conscientious defense lawyer would be preoccupied working on an opening statement and witness cross-examinations, and all else.

*Id.*

14.  Early disclosure of Jencks Act material in this case – such as seven (7) calendar days before trial – would help avoid the situation that arose in *Gil*.

15.  The Second Circuit has stated that "pretrial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided. *United States v. Percevault,* 490 F.2d 126, 132 (2d Cir. 1974).[1]

16.  Accordingly, Mr. Levis respectfully requests that the Court enter an Order directing the government to produce all *Jencks* Act statements seven (7) calendar days prior to trial.

>   Respectfully submitted,
>
>   /s Roy Black
>   ROY BLACK, ESQ.
>   (FL Bar No. 126088)
>   HOWARD M. SREBNICK, ESQ.
>   (FL Bar No. 919063)
>   MARIA D. NEYRA, ESQ.

---

[1] In *Coppa*, the Second Circuit commended the "salutary practice" of those prosecutors who "disclose impeachment materials to the defendant early in the proceedings, without particular regard to the outer limits established by the Jencks Act on when disclosure is required." *Coppa*, 267 F.3d at 146 n.12.  In repeating that the Jencks Act "provides a set of rules that a prosecutor *may* invoke to avoid early disclosure of witness statements," the Second Circuit did not "foreclose other informal arrangements between parties and the court that reflect the felt necessities of a particular case." *Id.*

(FL Bar No. 074233)
Black, Srebnick, Kornspan & Stumpf, P.A.
201 South Biscayne Blvd., Suite 1300
Miami, Florida 33131
Tele: (305) 371-6421
Rblack@RoyBlack.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 17, 2010, I electronically filed the foregoing document through CM/ECF, which will then transmit a copy of the document to:

**William Stellmach, AUSA**
U.S. Attorney's Office
Southern District of New York
1 St. Andrews Plaza
New York, NY 10007
William.stellmach@usdoj.gov

                      /s Roy Black
                      ROY BLACK, ESQ.