UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    *Plaintiff,* )<br>)<br>v. )<br>)<br>MARIO S. LEVIS, )<br>a/k/a "Sammy Levis," )<br>)<br>    *Defendant.* )<br>_____ ) | CASE NO. 08-CR-181 (TPG)(S) |

**DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE POST-INDICTMENT EVIDENCE
OF DORAL'S RESTATEMENT OF EARNINGS
AND INCORPORATED MEMORANDUM OF LAW**

The Defendant, MARIO S. LEVIS, through undersigned counsel, respectfully moves this Court, pursuant to Rules 401-403 of the Federal Rules of Evidence and the Due Process Clause of the Fifth Amendment, for an order excluding evidence that Doral Financial Corporation ("Doral") restated its earnings in February 2006, *i.e., after* the Defendant was no longer employed by Doral and *after* the time period alleged in the Superseding Indictment. In support of this motion, the Defendant states the following:

    1.    The Superseding Indictment alleges that Mr. Levis engaged in securities fraud and wire fraud from 2001 until shortly before he was terminated by Doral in August 2005. There is not a single "act" alleged in the Superseding Indictment in 2006.

    2.    The government, nonetheless, intends to introduce evidence that Doral issued a restatement of earnings after Mr. Levis left Doral. The restatement was not

issued until February 2006, and since Mr. Levis was no longer at Doral, the restatement was not signed, approved or adopted by Mr. Levis.

3.  The restatement (10K-A) was signed by Doral's former CFO Lidio Soriano, who is on the government's witness list, and former CEO John Ward III.

4.  The Court should exclude evidence concerning the restatement under Rule 401 of the Federal Rules of Evidence because it is irrelevant to any material fact at issue in this case. The evidence is irrelevant for several inter-related reasons.

   a.  First, the evidence is irrelevant because, as described in detail in *Defendant's Consolidated Motion to Exclude "First Bank" Exhibits and to Bar the Introduction of Evidence That the "Spot Rate" Methodology Was an Inaccurate or Unreliable Measure of Value and Incorporated Memorandum of Law*, the government has represented to the Court that the charges are *not* based on any allegation that the valuation methodology used during Mr. Levis's employment at Doral was "inflated" or materially inaccurate. Since the "valuation" is irrelevant, the fact that Doral chose to issue a restatement, thereby changing the "value" of its assets, is also irrelevant.

   b.  Second, the issuance of the restatement is outside the time frame of the Superseding Indictment. The time period charged in the Superseding Indictment is 2001-2005. Since the restatement was not issued until February 2006, it is not relevant to the charges as defined by the Grand Jury. *See generally United States v. Rittweger*, 274 Fed. Appx. 78, 82 (2d Cir. 2008) (affirming district court's exclusion of portions of taped conversation "as these statements were made long after

the conspiracy had ended and thus were marginally, if at all, relevant"). Moreover, the fact that the restatement occurred *after* Mr. Levis allegedly made the "misrepresentations" in the Superseding Indictment is not relevant to establish Mr. Levis's intent at the time he made the statements. *See generally DSAM Global Value Fund v. Altris Software, Inc.*, 288 F.3d 385, 388-90 (9th Cir. 2002); *Ronconi v. Larkin*, 253 F.3d 423, 430 & n. 12 (9th Cir. 2001). Courts, both in this jurisdiction and others, have repeatedly held the "mere fact or a restatement of earnings does not support a strong, *or even a weak*, inference of scienter." *City of Brockton Ret. Sys. v. Shaw Group, Inc.*, 540 F. Supp. 2d 464, 473 (S.D.N.Y. 2008) (emphasis added). *Accord In Re Metawave Communications Corp. Securities Litigation*, 629 F. Sup. 2d 1207, 1219 (W.D. Wash. 2009) ("The restatement of revenue is not, in and of itself, indicative of fraud, as '[f]raud by hindsight is not actionable.'") (quoting *Ronconi*, 253 F.3d at 430 n. 12); *In re Atlas Mining Company, Securities Litigation*, Civil Action No. 07-428-N-EJL (D. Idaho Sept. 25, 2009), *2009 WL 3151136 (D. Idaho)* (dismissing securities fraud complaint, in part, for failing to sufficiently plead scienter despite the fact that company had to restate its earnings resulting in decline of stock prices); *In re Sun Healthcare Group, In. Securities Litigation*, 181 F. Supp. 2d 1283, 1297 (D. N.M. 2002) ("[T]he mere fact that [a company] issued a restatement of its previous financial statements, without further specificity of scienter, cannot constitute an actionable admission of fraud."). It is particularly appropriate to apply this principle in this case since Mr. Levis was not responsible for and never signed, approved or adopted the restatement. *See In re Thornburg Mortgage, Inc.*

*Securities Litigation*, Case No. 07-0815 JB/WDS (D. N.M. Jan. 27, 2010, *2010 WL 378300 (D.N.M.)*, at \*30 (agreeing that company's restatement of financial statements do not, standing alone, support an inference of scienter and holding that since "the Plaintiffs failed to associate this allegation with any particular Defendant[,] [t]he Court therefore shall not consider it in the total mix of circumstances when determining whether the Plaintiffs have adequately pled scienter").

      c.    At the very least, the Court should exclude the evidence under Rule 403.  The prejudice to Mr. Levis from re-introducing the issue of "value" into the case – the issue the government disclaimed when it obtained the Superseding Indictment – is far exceeded by whatever minimal probative value the evidence may otherwise have.  If the government were to inject this allegedly irrelevant issue into the case, then the Defendant would have the constitutional right to rebut it.  An analogous situation confronted the Eleventh Circuit in *United States v. Goodman*, 850 F.2d 1473 (11th Cir. 1988).  In *Goodman*, the defendants were charged under the Sherman Act, 15 U.S.C. § 1, with criminal antitrust violations.   Since the antitrust conspiracy at issue in *Goodman* was a *per se* violation of the Sherman Act, the government was not required to prove that the market was actually harmed.  In order to prejudice the jury against the defendants, however, the government introduced evidence that the conspiracy did, in fact, adversely affect the market rates for the industry in question.  When the defendants sought to refute this market evidence, the district court excluded it as irrelevant to the essential elements of the Sherman Act charge.  The defendants were convicted and, on appeal, the Eleventh Circuit reversed.

Despite the fact that the government's evidence was not probative of an element of its case, the Eleventh Circuit held that the government's use of the evidence opened the door for the defendants to also develop testimony on the subject. Under *Goodman*, the government does not have the right to introduce the restatement without opening the door to other evidence, particularly over an issue the government has claimed is irrelevant to its theory of prosecution.

WHEREFORE, the Court should exclude evidence that Doral restated its earnings in February 2006.

Respectively submitted,

 /s/ Roy Black
ROY BLACK, ESQ.
(FL Bar No. 126088)
HOWARD SREBNICK, ESQ.
(FL Bar No. 919063)
MARIA D. NEYRA, ESQ.
(FL Bar No. 074233)
BLACK, SREBNICK, KORNSPAN
& STUMPF, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
Phone (305) 371-6421
Fax (305) 358-2006
rblack@royblack.com.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that on March 17, 2010, I electronically filed the foregoing document through CM/ECF, which will then transmit a copy of the document to:

William Stellmach, AUSA
U.S. Attorney's Office
Southern District of New York
1 St. Andrews Plaza
New York, NY 10007
William.stellmach@usdoj.gov.

         */s/ Roy Black*
         ROY BLACK, ESQ