

# U.S. SECURITIES AND EXCHANGE COMMISSION

*"We are the investor's advocate."*
William O. Douglas
SEC Chairman, 1937-1939

5/12/05  Received
8:3? AM ftg

## DIVISION OF ENFORCEMENT

### FACSIMILE TRANSMISSION

Date: 05/11/2005      Time: 1:20 pm

TO: Ms. Szendrey-Ramos

Telephone Number:                    Facsimile Number: (787) 729-8127

FROM: Jason M. Anthony

Telephone Number: (202) 551-4420      Facsimile Number:

TOTAL NUMBER OF PAGES: 12

REMARKS:
Please call me with any questions.

If you did not receive a complete fax, please call the above number.
The main fax number for the Division of Enforcement is 202-942-9637.

AA_04192

DEFENDANT'S
EXHIBIT
Levis 101



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT

Jason M. Anthony
Staff Attorney
anthonyj@sec.gov
Ph: (202) 551-4420
Fx: (202) 772-9208

May 11, 2005

<u>**VIA FACSIMILE (787-729-8127) AND UNITED STATES MAIL**</u>

Ms. Carmen Gabriella Szendrey-Ramos, Esq.
Senior Vice President, General Counsel, and Secretary
First BanCorp.
1519 Ponce De Leon Avenue
Santurce, Puerto Rico 00908

*Re: In the Matter of R&G Financial Corporation – SEC File No. MHO-10214*

Dear Ms. Szendrey-Ramos:

The United States Securities and Exchange Commission is conducting an informal inquiry into R&G Financial Corporation ("R&G"). In connection with this inquiry, we request that First BanCorp. voluntarily provide the documents listed in Attachment A to this letter. We also request that First BanCorp. produce these items as soon as practicable, and address them to the following:

Jason M. Anthony
United States Securities and Exchange Commission
Division of Enforcement
Mail Stop 4010
100 F Street, N.E.
Washington, D.C. 20549

This inquiry is confidential and should not be construed as an indication by the Commission or its staff that any violation of law has occurred, or as a reflection upon any person, entity or security.

Enclosed for your reference is a copy of Form SEC 1662, which contains important supplemental information, including a list of the routine uses that may be made of any information furnished to the Commission or its staff.

AA_04193

Your assistance is appreciated.  If you have any questions or concerns regarding this request, you may contact me at (202) 551-4420, or my Branch Chief, Reid Muoio, at (202) 551-4488.

Very truly yours,

Jason M. Anthony
Staff Attorney

Enclosures:

Attachment A
Form SEC 1662

## ATTACHMENT A

## REQUEST FOR INFORMATION TO FIRST BANCORP.

### I.    DEFINITIONS AND INSTRUCTIONS

1.    As used herein, the term ~~"auditors" means PricewaterhouseCoopers LLP~~, and any other auditors First BanCorp. employed during its fiscal year 2003 to present.

2.    The term "communication" includes any transmittal or receipt of information, whether by chance or prearranged, formal or informal, oral, written or electronic, and includes without limitation: ~~communications, meetings and discussions in person, conversations, meetings and discussions by telephone; and written correspondence through the use of the mails, conversations, electronic media~~ (such as electronic mail and instant messaging), and telephone lines and wires.

3.    As used herein, the term "concerning" means reflecting, relating to, referring to, describing, evidencing, or constituting.

4.    As used herein, the term "document" includes, but is not limited to, all records, materials, and other tangible forms of expression, by whomever created, in your possession or custody, or under your control, whether originals, copies, annotated copies, drafts or final versions, and however created, produced, stored or maintained, including, but not limited to, charts, lists, logs, spreadsheets, financial information or analyses, trading runs or blotters, confirmations, order tickets, floor tickets, account statements, books, papers, files, notes, memoranda, reports, schedules, transcriptions, correspondence, telegrams, telexes, wire messages, telephone messages, calendars, diaries, bills, budgets, invoices, audio and video recordings, electronic mail, instant messaging, text messaging, electronic data compilations, computer disks (or hard copy of the data contained on such disks), and other electronic media, microfilm, microfiche, and storage devices.

5.    "R&G" refers to R&G Financial Corporation all of its agents, representatives, divisions, groups, parents, subsidiaries, subdivisions, predecessors, successors, and affiliated entities, and the present and former officers, directors, employees, partners, principals, representatives and agents.

6.    Documents that "refer," "reflect," or "relate" to any given subject means any communication or document that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, deals with, bears upon, or is in any way pertinent to that subject, including documents concerning the preparation of other documents.

7.    Reference to a person shall also include that person's trusts, affiliates, employees, agents, partners, and independent contractors, as well as aliases, code names, trade names, or business names used by, or formerly used by, any of the foregoing.

AA_04195

8.  Reference to an entity shall also include that entity's parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, partners, and independent contractors, as well as aliases, code names, trade names, or business names used by, or formerly used by, any of the foregoing.

9.  References to the singular of a word shall include the plural of that word and references to a plural of a word shall include the singular of that word.

10. The disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); and each of the functional words "each," "every," "any" and "all" shall be deemed to include each of the other functional words.

11. Please provide the e-mails including, without limitation, files with the following extensions: .pst, .sch, .dat, .oab, .pab, .txt, and .msg. Email should be collected from all available sources, including backup tapes, servers, and individual employee's office computers. The company should also search the slack space on each employee's computer for deleted emails that may be responsive to this request. For the time being, the staff will not require production of hard copies of this e-mail.

12. Please provide the electronic documents, including, without limitation, files with the following extensions: .doc, .pdf, .wpd, and .xls. Electronic documents should be collected from all available sources, including backup tapes, servers, and individual employee's office computers. The company should also search the slack space on each employee's computer for deleted documents that may be responsive to this request. For the time being, the staff will not require production of hard copies of this these documents.

13. This request does not require First BanCorp. to produce *final* versions of documents filed with the United States Securities and Exchange Commission. This request, however, does call for any responsive drafts of such documents.

14. In your response to this request, please indicate whether a diligent search for the requested documents was made and whether all the documents and information was provided. If any requested documents are not provided for any reason please submit a schedule of such documents and identify the reason they are not being provided. ~~If a document called for is withheld on the basis of any privilege, please identify such document on a privilege log.~~

15. ~~This document request calls for the production of original documents.~~ For your convenience, and at your expense, you may provide exact photocopies of the documents or images of the documents in electronic form. If you choose to produce copies or images, you must maintain the originals in a secure place. Please affix a Bates page number or other sequential identifying mark to each page of each document produced by you. ~~The cover letter accompanying your document production should identify, by Bates page range, which documents are responsive to~~



AA_04197

## II.    INFORMATION REQUESTS

1.    All documents referring, reflecting or relating to the "Mortgage Loan Purchase Agreement" (the "Agreement") between First BanCorp. and R&G dated November 1, 2003. This request includes, but is not limited to, any communications concerning whether the Agreement included a cap on the pass through interest rate payable to the buyer of loans under the Agreement.

2.    All documents referring, reflecting or relating to other loans acquired by First BanCorp. from R&G. This request includes, but is not limited to, any communications concerning whether any such loans included a cap on the pass through interest rate payable to the buyer of such loans.

3.    All documents referring, reflecting or relating to First BanCorp.'s classification in its financial statements of loans acquired from R&G.

4.    All documents referring, reflecting or relating to communications among First BanCorp. and its auditors concerning loans acquired under from R&G.

AA_04198

# SECURITIES AND EXCHANGE COMMISSION
### Washington, D.C. 20549

### Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena

#### False Statements and Documents

Section 1001 of Title 18 of the United States Code provides as follows:

> Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined under this title or imprisoned not more than five years, or both.

#### Testimony

If your testimony is taken, you should be aware of the following:

1.   *Record.* Your testimony will be transcribed by a reporter. If you desire to go off the record, please indicate this to the Commission employee taking your testimony, who will determine whether to grant your request. The reporter will not go off the record at your, or your counsel's, direction.

2.   *Counsel.* You have the right to be accompanied, represented and advised by counsel of your choice. Your counsel may advise you before, during and after your testimony; question you briefly at the conclusion of your testimony to clarify any of the answers you give during testimony; and make summary notes during your testimony solely for your use. If you are accompanied by counsel, you may consult privately.

If you are not accompanied by counsel, please advise the Commission employee taking your testimony whenever during your testimony you desire to be accompanied, represented and advised by counsel. Your testimony will be adjourned to afford you the opportunity to arrange to do so.

You may be represented by counsel who also represents other persons involved in the Commission's investigation. This multiple representation, however, presents a potential conflict of interest if one client's interests are or may be adverse to another's. If you are represented by counsel who also represents other persons involved in the investigation, the Commission will assume that you and counsel have discussed and resolved all issues concerning possible conflicts of interest. The choice of counsel, and the responsibility for that choice, is yours.

3.   *Transcript Availability.* Rule 6 of the Commission's Rules Relating to Investigations, 17 CFR 203.6, states:

> A person who has submitted documentary evidence or testimony in a formal investigative proceeding shall be entitled, upon written request, to procure a copy of his documentary evidence or a transcript of his testimony on payment of the appropriate fees: *Provided, however,* That in a nonpublic formal investigative proceeding the Commission may for good cause deny such request. In any event, any witness, upon proper identification, shall have the right to inspect the official transcript of the witness' own testimony.

If you wish to purchase a copy of the transcript of your testimony, the reporter will provide you with a copy of the appropriate form. Persons requested to supply information voluntarily will be allowed the rights provided by this rule.

4.   *Perjury.* Section 1621 of Title 18 of the United States Code provides as follows:

> Whoever . . . having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly .... willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true... is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years or both . . . .

SEC 1662 (5-04)

AA_04199

5.   *Fifth Amendment and Voluntary Testimony.* Information you give may be used against you in any federal, state, local or foreign administrative, civil or criminal proceeding brought by the Commission or any other agency.

You may refuse, in accordance with the rights guaranteed to you by the Fifth Amendment to the Constitution of the United States, to give any information that may tend to incriminate you or subject you to fine, penalty or forfeiture.

If your testimony is not pursuant to subpoena, your appearance to testify is voluntary, you need not answer any question, and you may leave whenever you wish. Your cooperation is, however, appreciated.

6. *Formal Order Availability.* If the Commission has issued a formal order of investigation, it will be shown to you during your testimony, at your request. If you desire a copy of the formal order, please make your request in writing.

## Submissions and Settlements

Rule 5(c) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(c), states:

> Persons who become involved in . . . investigations may, on their own initiative, submit a written statement to the Commission setting forth their interests and position in regard to the subject matter of the investigation. Upon request, the staff, in its discretion, may advise such persons of the general nature of the investigation, including the indicated violations as they pertain to them, and the amount of time that may be available for preparing and submitting a statement prior to the presentation of a staff recommendation to the Commission for the commencement of an administrative or injunction proceeding. Submissions by interested persons should be forwarded to the appropriate Division Director, Regional Director, or District Administrator with a copy to the staff members conducting the investigation and should be clearly referenced to the specific investigation to which they relate. In the event a recommendation for the commencement of an enforcement proceeding is presented by the staff, any submissions by interested persons will be forwarded to the Commission in conjunction with the staff memorandum.

The staff of the Commission routinely seeks to introduce submissions made pursuant to Rule 5(c) as evidence in Commission enforcement proceedings, when the staff deems appropriate.

Rule 5(f) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(f), states:

> In the course of the Commission's investigations, civil lawsuits, and administrative proceedings, the staff, with appropriate authorization, may discuss with persons involved the disposition of such matters by consent, by settlement, or in some other manner. It is the policy of the Commission, however, that the disposition of any such matter may not, expressly or impliedly, extend to any criminal charges that have been, or may be, brought against any such person or any recommendation with respect thereto. Accordingly, any person involved in an enforcement matter before the Commission who consents, or agrees to consent, to any judgment or order does so solely for the purpose of resolving the claims against him in that investigative, civil, or administrative matter and not for the purpose of resolving any criminal charges that have been, or might be, brought against him. This policy reflects the fact that neither the Commission nor its staff has the authority or responsibility for instituting, conducting, settling, or otherwise disposing of criminal proceedings. That authority and responsibility are vested in the Attorney General and representatives of the Department of Justice.

## Freedom of Information Act

The Freedom of Information Act, 5 U.S.C. 552 (the "FOIA"), generally provides for disclosure of information to the public. Rule 83 of the Commission's Rules on Information and Requests, 17 CFR 200.83, provides a procedure by which a person can make a written request that information submitted to the Commission not be disclosed under the FOIA. That rule states that no determination as to the validity of such a request will be made until a request for disclosure of the information under the FOIA is received. Accordingly, no response to a request that information not be disclosed under the FOIA is necessary or will be given until a request for disclosure under the FOIA is received. If you desire an acknowledgment of receipt of your written request that information not be disclosed under the FOIA, please provide a duplicate request, together with a stamped, self-addressed envelope.

## Authority for Solicitation of Information

*Persons Directed to Supply Information Pursuant to Subpoena.* The authority for requiring production of information is set forth in the subpoena. Disclosure of the information to the Commission is mandatory, subject to the valid assertion of any legal right or privilege you might have.

*Persons Requested to Supply Information Voluntarily.* One or more of the following provisions authorizes the Commission to solicit the information requested: Sections 19 and/or 20 of the Securities Act of 1933; Section 21 of the Securities Exchange Act of 1934; Section 321 of the Trust Indenture Act of 1939; Section 42 of the Investment Company Act of 1940; Section 209

AA_04200

of the Investment Advisers Act of 1940; and 17 CFR 202.5. Disclosure of the requested information to the Commission is voluntary on your part.

## Effect of Not Supplying Information

*Persons Directed to Supply Information Pursuant to Subpoena.* If you fail to comply with the subpoena, the Commission may seek a court order requiring you to do so. If such an order is obtained and you thereafter fail to supply the information, you may be subject to civil and/or criminal sanctions for contempt of court. In addition, if the subpoena was issued pursuant to the Securities Exchange Act of 1934, the Investment Company Act of 1940, and/or the Investment Advisers Act of 1940, and if you, without just cause, fail or refuse to attend and testify, or to answer any lawful inquiry, or to produce books, papers, correspondence, memoranda, and other records in compliance with the subpoena, you may be found guilty of a misdemeanor and fined not more than $1,000 or imprisoned for a term of not more than one year, or both..

*Persons Requested to Supply Information Voluntarily.* There are no direct sanctions and thus no direct effects for failing to provide all or any part of the requested information.

## Principal Uses of Information

The Commission's principal purpose in soliciting the information is to gather facts in order to determine whether any person has violated, is violating, or is about to violate any provision of the federal securities laws or rules for which the Commission has enforcement authority, such as rules of securities exchanges and the rules of the Municipal Securities Rulemaking Board. Facts developed may, however, constitute violations of other laws or rules. Information provided may be used in Commission and other agency enforcement proceedings. Unless the Commission or its staff explicitly agrees to the contrary in writing, you should not assume that the Commission or its staff acquiesces in, accedes to, or concurs or agrees with, any position, condition, request, reservation of right, understanding, or any other statement that purports, or may be deemed, to be or to reflect a limitation upon the Commission's receipt, use, disposition, transfer, or retention, in accordance with applicable law, of information provided.

## Routine Uses of Information

The Commission often makes its files available to other governmental agencies, particularly United States Attorneys and state prosecutors. There is a likelihood that information supplied by you will be made available to such agencies where appropriate. Whether or not the Commission makes its files available to other governmental agencies is, in general, a confidential matter between the Commission and such other governmental agencies.

Set forth below is a list of the routine uses which may be made of the information furnished.

1. To coordinate law enforcement activities between the SEC and other federal, state, local or foreign law enforcement agencies, securities self-regulatory organizations, and foreign securities authorities.

2. By SEC personnel for purposes of investigating possible violations of, or to conduct investigations authorized by, the federal securities laws.

3. Where there is an indication of a violation or potential violation of law, whether civil, criminal or regulatory in nature, and whether arising by general statute or particular program statute, or by regulation, rule or order issued pursuant thereto, the relevant records in the system of records may be referred to the appropriate agency, whether federal, state, or local, a foreign governmental authority or foreign securities authority, or a securities self-regulatory organization charged with the responsibility of investigating or prosecuting such violation or charged with enforcing or implementing the statute or rule, regulation or order issued pursuant thereto.

4. In any proceeding where the federal securities laws are in issue or in which the Commission, or past or present members of its staff, is a party or otherwise involved in an official capacity.

5. To a federal, state, local or foreign governmental authority or foreign securities authority maintaining civil, criminal or other relevant enforcement information or other pertinent information, such as current licenses, if necessary to obtain information relevant to an agency decision concerning the hiring or retention of an employee, the issuance of a security clearance, the letting of a contract, or the issuance of a license, grant or other benefit.

6. To a federal, state, local or foreign governmental authority or foreign securities authority, in response to its request, in connection with the hiring or retention of an employee, the issuance of a security clearance, the reporting of an investigation of an employee, the letting of a contract, or the issuance of a license, grant or other benefit by the requesting agency, to the extent that the information is relevant and necessary to the requesting agency's decision on the matter.

7. In connection with proceedings by the Commission pursuant to Rule 102(e) of its Rules of Practice, 17 CFR 201.102(e).

AA_04201

8. When considered appropriate, records in this system may be disclosed to a bar association, the American Institute of Certified Public Accountants, a state accountancy board or other federal, state, local or foreign licensing or oversight authority, foreign securities authority, or professional association or self-regulatory authority performing similar functions, for possible disciplinary or other action.

9. In connection with investigations or disciplinary proceedings by a state securities regulatory authority, a foreign securities authority, or by a self-regulatory organization involving one or more of its members.

10. As a data source for management information for production of summary descriptive statistics and analytical studies in support of the function for which the records are collected and maintained or for related personnel management functions or manpower studies, and to respond to general requests for statistical information (without personal identification of individuals) under the Freedom of Information Act or to locate specific individuals for personnel research or other personnel management functions.

11. In connection with their regulatory and enforcement responsibilities mandated by the federal securities laws (as defined in Section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), or state or foreign laws regulating securities or other related matters, records may be disclosed to national securities associations that are registered with the Commission, the Municipal Securities Rulemaking Board, the Securities Investor Protection Corporation, the federal banking authorities, including but not limited to, the Board of Governors of the Federal Reserve System, the Comptroller of the Currency, and the Federal Deposit Insurance Corporation, state securities regulatory or law enforcement agencies or organizations, or regulatory law enforcement agencies of a foreign government, or foreign securities authority.

12. To any trustee, receiver, master, special counsel, or other individual or entity that is appointed by a court of competent jurisdiction or as a result of an agreement between the parties in connection with litigation or administrative proceedings involving allegations of violations of the federal securities laws (as defined in Section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)) or the Commission's Rules of Practice, 17 CFR 202.100 - 900, or otherwise, where such trustee, receiver, master, special counsel or other individual or entity is specifically designated to perform particular functions with respect to, or as a result of, the pending action or proceeding or in connection with the administration and enforcement by the Commission of the federal securities laws or the Commission's Rules of Practice.

13. To any persons during the course of any inquiry or investigation conducted by the Commission's staff, or in connection with civil litigation, if the staff has reason to believe that the person to whom the record is disclosed may have further information about the matters related therein, and those matters appeared to be relevant at the time to the subject matter of the inquiry.

14. To any person with whom the Commission contracts to reproduce, by typing, photocopy or other means, any record within this system for use by the Commission and its staff in connection with their official duties or to any person who is utilized by the Commission to perform clerical or stenographic functions relating to the official business of the Commission.

15. Inclusion in reports published by the Commission pursuant to authority granted in the federal securities laws (as defined in Section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)).

16. To members of advisory committees that are created by the Commission or by the Congress to render advice and recommendations to the Commission or to the Congress, to be used solely in connection with their official designated functions.

17. To any person who is or has agreed to be subject to the Commission's Rules of Conduct, 17 CFR 200.735-1 to 735-18, and who assists in the investigation by the Commission of possible violations of federal securities laws (as defined in Section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), in the preparation or conduct of enforcement actions brought by the Commission for such violations, or otherwise in connection with the Commission's enforcement or regulatory functions under the federal securities laws.

18. Disclosure may be made to a Congressional office from the record of an individual in response to an inquiry from the Congressional office made at the request of that individual.

19. To respond to inquiries from Members of Congress; the press and the public which relate to specific matters that the Commission has investigated and to matters under the Commission's jurisdiction.

20. To prepare and publish information relating to violations of the federal securities laws as provided in 15 U.S.C. 78c(a)(47)), as amended.

21. To respond to subpoenas in any litigation or other proceeding.

22. To a trustee in bankruptcy.

4

AA_04202

23. To any governmental agency, governmental or private collection agent, consumer reporting agency or commercial reporting agency, governmental or private employer of a debtor, or any other person, for collection, including collection by administrative offset, federal salary offset, tax refund offset, or administrative wage garnishment, of amounts owed as a result of Commission civil or administrative proceedings.

*Small Business Owners:* The SEC always welcomes comments on how it can better assist small businesses. If you have comments about the SEC's enforcement of the securities laws, please contact the Office of Chief Counsel in the SEC's Division of Enforcement at 202-942-4530 or the SEC's Small Business Ombudsman at 202-942-2950. If you would prefer to comment to someone outside of the SEC, you can contact the Small Business Regulatory Enforcement Ombudsman at http://www.sba.gov/ombudsman or toll free at 888-REG-FAIR. The Ombudsman's office receives comments from small businesses and annually evaluates federal agency enforcement activities for their responsiveness to the special needs of small business.

AA_04203



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

DIVISION OF
ENFORCEMENT

Jason M. Anthony
Staff Attorney
anthonyj@sec.gov
Tel: (202) 551-4420
Fax: (202) 772-9244

June 22, 2005

<u>**VIA FACSIMILE (202-339-8500) AND UNITED STATES MAIL**</u>

PricewaterhouseCoopers LLP
c/o Ms. Diana Weiss
Orrick, Herrington & Sutcliffe LLP
Washington Harbour
3050 K Street, N.W.
Washington, D.C. 20007-5135

*Re: In the Matter of R&G Financial Corporation – SEC File No. MHO-10214*

Dear Ms. Weiss:

       The United States Securities and Exchange Commission is conducting an informal inquiry into R&G Financial Corporation ("R&G"). In connection with this inquiry, we request that PricewaterhouseCoopers LLP ("PwC") voluntarily provide the documents listed in Attachment A to this letter. We also request that PwC produce these items by July 11, 2005, and address them to the following:

                       Jason M. Anthony
                       United States Securities and Exchange Commission
                       Division of Enforcement
                       100 F Street, N.E.
                       Mail Stop 4010
                       Washington, D.C. 20549

To the extent that the documents sought by this request have already been provided by PwC in response to the staff's prior requests, PwC does not need to reproduce such documents. In addition, please note Instruction 13 of Attachment A, which is intended to limit the scope of this request.

'OIA Confidential Treatment
Requested By PwC

This inquiry is confidential and should not be construed as an indication by the Commission or its staff that any violation of law has occurred, or as a reflection upon any person, entity or security.

Enclosed for your reference is a copy of Form SEC 1662, which contains important supplemental information, including a list of the routine uses that may be made of any information furnished to the Commission or its staff.

Your assistance is appreciated. If you have any questions regarding this request, you may contact me at 202-551-4420, or my Branch Chief, Reid Muoio, at 202-551-4488.

Very truly yours,

Jason M. Anthony
Staff Attorney

Enclosures:

Attachment A
Form SEC 1662

PwC-FBC-214565

# ATTACHMENT A

## REQUEST FOR INFORMATION TO PwC

### I.   DEFINITIONS AND INSTRUCTIONS

1.   As used herein, the term "document" includes, but is not limited to, all records, materials, and other tangible forms of expression, by whomever created, in your possession or custody, or under your control, whether originals, copies, annotated copies, drafts or final versions, and however created, produced, stored or maintained, including, but not limited to, charts, lists, logs, spreadsheets, financial information or analyses, trading runs or blotters, confirmations, order tickets, floor tickets, account statements, books, papers, files, notes, memoranda, reports, schedules, transcriptions, correspondence, telegrams, telexes, wire messages, telephone messages, calendars, diaries, bills, budgets, invoices, audio and video recordings, electronic mail, electronic data compilations, computer disks (or hard copy of the data contained on such disks), and other electronic media, microfilm, microfiche, and storage devices.

2.   "First BanCorp" refers to First BanCorp, all of its agents, representatives, divisions, groups, parents, subsidiaries, subdivisions, predecessors, successors, and affiliated entities, and the present and former officers, directors, employees, partners, principals, representatives and agents.

3.   "R&G" refers to R&G Financial Corporation, all of its agents, representatives, divisions, groups, parents, subsidiaries, subdivisions, predecessors, successors, and affiliated entities, and the present and former officers, directors, employees, partners, principals, representatives and agents.

4.   "You" or "PwC" refers to PwC, all of its agents, representatives, divisions, groups, parents, subsidiaries, subdivisions, predecessors, successors, and affiliated entities, and the present and former officers, directors, employees, partners, principals, representatives and agents.

5.   Where used, the term "Relevant Time Period" refers to fiscal years 2003, 2004 and 2005, and all interim quarters.

6.   Documents that "concern," "refer," "reflect," or "relate" to any given subject means any communication or document that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, deals with, bears upon, or is in any way pertinent to that subject, including documents concerning the preparation of other documents.

7.   References to the singular of a word shall include the plural of that word and references to the plural of a word shall include the singular of that word.

FOIA Confidential Treatment
Requested By PwC

PwC-FBC-214566

8.    The disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); and each of the functional words "each," "every," "any" and "all" shall be deemed to include each of the other functional words.

9.    Please provide the e-mails including, without limitation, files with the following extensions: .pst, .sch, .dat, .oab, .pab, .txt, and .msg. Email should be collected from all available sources, including backup tapes, servers, and individual employee's office computers. The company should also search the slack space on each employee's computer for deleted emails that may be responsive to this request. For the time being, the staff will not require production of hard copies of this e-mail.

10.    Please provide the electronic documents in their original electronic formats, including, without limitation, files with the following extensions: .doc, .pdf, .wpd, and .xls. Electronic documents should be collected from all available sources, including backup tapes, servers, and individual employee's office computers. The company should also search the slack space on each employee's computer for deleted documents that may be responsive to this request. For the time being, the staff will not require production of hard copies of this these documents.

11.    In your response to this request, please indicate whether a diligent search for the requested documents was made and whether all the documents and information was provided. If any requested documents are not provided for any reason, please submit a schedule of such documents and identify the reason they are not being provided. If a document called for is withheld on the basis of any privilege, please identify such document on a privilege log.

12.    This document request calls for the production of original documents. For your convenience, and at your expense, you may provide exact photocopies of the documents or images of the documents in electronic form. If you choose to produce copies or images, you must maintain the originals in a secure place. Please affix a Bates page number or other sequential identifying mark to each page of each document produced by you. The cover letter accompanying your document production should identify, by Bates page range, which documents are responsive to which requests, and identify by Bates page range the custodian of each document produced.

13.    Unless otherwise specified, documents relating exclusively to R&G's subsidiary banks (R-G Premier Bank, R-G Crown Bank), broker dealer (R-G Investments), and insurance activities (Home and Property Insurance Corporation) do not need to be produced.

FOIA Confidential Treatment
Requested By PwC

## II.    INFORMATION REQUESTS

D.    All documents relating to audit and review services performed by PwC for R&G, concerning the Relevant Time Period, including, but not limited to, the following:

1.  All workpapers, including but not limited to, any restricted workpapers or tax accrual workpapers, related to any audits, including, but not limited to, annual audits and quarterly reviews.

2.  All indices or legends that describe the referencing system or abbreviations used in the workpapers.

3.  All top files, summary or completion memoranda, matters for the attention of the partner, "To Do" lists, review notes, point sheets, problems memoranda, partner's memoranda, supervisor's memoranda, senior's memoranda, quality control review notes and all other writings or memoranda that summarize, evaluate, highlight, analyze, or refer to the engagement of specific points, problems or issues that arose during the engagement.

4.  All documents concerning planning for any audit or review of R&G's financial statements, including, but not limited to, planning memoranda, audit programs, audit manuals, materiality assessments, group instructions issued to audits of subsidiaries, and representation letters.

5.  All documents relating to R&G's financial reporting practices, system of internal controls or internal audits.

6.  Financial statement files supporting R&G's balance sheet, income statement, statement of cash flows, accompanying footnotes and supplementary schedules.

7.  Proposed adjusting journal entries and actual adjusting journal entries and all proposed and/or accepted reclassification entries and consolidations.

8.  Communications among PwC, R&G, and/or any officer, director or employee of R&G including, but not limited to, all engagement letters, contracts, or other documents that define the nature and the scope of work or engagement concerning any work, including consulting work, contemplated or performed by PwC or its affiliates, management representation letters and management letters, email (including attachments), memoranda, and documents presented to R&G's Board of Directors, Audit Committee or any special committee of the Board of Directors.

9.  Correspondence reflecting communications among PwC and any third party (including, but not limited to, Quiddity LLC and Matrix Bancorp) concerning R&G, including all letters, email (including attachments), memoranda, and audit confirmations.

10. All general, permanent, legal, carry forward, bulk other files representing documents of an on-going relevance from one year to another, including, but not limited to, contracts, leases and bylaws.

OIA Confidential Treatment

11. Copies of predecessor's workpapers and notes related to reviews of such documents.

E.  To the extent not produced in response to Item D above, produce the following:

1.  All personal and desk files of all PwC personnel who provided services to, or did work for R&G, including engagement partners, concurring partners, relationship partners, managers, seniors and staff auditors; and income tax specialists.

2.  Documents reflecting PwC's client acceptance procedures.

3.  Documents reflecting PwC's independence evaluation with respect to R&G.

4.  Documents identifying all services provided by PwC for R&G, including, but not limited to, all proposals, offer letters, agreements, independent contractor agreements, contracts, engagement letters, time-sheets, invoices/bills, payment history, or other documents reflecting fees charged by PwC relating to R&G for audit, consulting, and other non-audit services.

5.  All drafts of financial statements with accompanying footnotes and auditor's reports, as originally drafted, as revised and finalized, and consolidated statements with consolidating and eliminating entries.

6.  All documents relied upon in order for PwC to render its audit reports related to R&G concerning the Relevant Time Period, including, but not limited to, all audit reports of affiliated or non-affiliated accounting firms, all documents reflecting advice or technical assistance from your headquarters office or from affiliated or non-affiliated accounting firms, legal opinions, internal investigative reports and representations.

7.  All documents relating to or memorializing any meetings, telephone conversations or communications with R&G's management, employees, directors, Board of Directors, or any committee of the Board of Directors.

8.  All documents relating to any a possible irregularity, impropriety, or material error involving R&G's books and records, financial statements or internal accounting controls.

9.  All diaries of senior partners, engagement partners, audit managers and seniors that relate to meetings, contacts, and conversations with R&G.

F.  All documents concerning any restatement or contemplated restatement of R&G's financial statements concerning the Relevant Time Period, including, but not limited to, engagement letters, management representation letters, correspondence, analyses, workpapers, memoranda, notes, agendas, and reports.

G.  All documents concerning any communication with PwC's national, technical, other firm practices (*e.g.*, tax, consulting, marketing, etc.) or consultation partners concerning R&G and the Relevant Time Period.

H.  All documents in PwC's possession referring, reflecting or relating to the valuation of residual mortgage interests (including mortgage servicing rights,

interest only strips, and inverse interest only strips), created from calendar year 2000 to present.

I.   All documents, including, but not limited to, workpapers, desk files, and electronic documents (including emails and email attachments), referring, reflecting or relating to any of the following:

1.   The "Mortgage Loan Purchase Agreement" (the "Agreement") between First BanCorp and R&G dated November 1, 2003.  This request includes, but is not limited to, any communications concerning whether the Agreement included a cap on the pass through interest rate payable to the buyer of loans under the Agreement.

2.   Other loans acquired by First BanCorp from R&G.  This request includes, but is not limited to, any communications concerning whether any such loans included a cap on the pass through interest rate payable to the buyer of such loans.

3.   First BanCorp's classification in its financial statements of loans acquired from R&G.

4.   Communications among First BanCorp, R&G, and PwC concerning loans acquired by First BanCorp from R&G.

FOIA Confidential Treatment Requested By PwC

PwC-FBC-214570

**C L I F F O R D**

**C H A N C E**

CLIFFORD CHANCE US LLP

31 WEST 52ND STREET
NEW YORK NY 10019 6131

TEL +1 212 878 8000
FAX +1 212 878 8375
www.cliffordchance.com


David Meister
Partner

DIRECT TEL +1 212 878 8537
david.meister@cliffordchance.com

<u>**FOIA Confidential Treatment Requested**</u>

September 21, 2006

VIA FEDEX

RECEIVED

SEP 2 2 2006

DIVISION OF ENFORCEMENT

Jason Anthony
Staff Attorney
Securities and Exchange Commission
Division of Enforcement
100 F Street, N.E.
Washington, D.C. 20549

Re:    *In the Matter of First BanCorp – SEC File No. HO-10300*

Dear Mr. Anthony:

Enclosed are a privilege log and a redaction log of documents relevant to the Staff's request, numbered FBP-SEC 22059 through FBP-SEC 22244.  Also enclosed are documents numbered FBP-SEC 21890 through FBP-SEC 22058.  We are producing these documents pursuant to the terms of the confidentiality agreement between First BanCorp and the Staff dated October 4, 2005.

The redaction log lists documents that previously have been produced to the SEC in redacted format.

You will note that entries 2543 through 2626 on the privilege log list documents containing communications between Carmen Szendrey, former General Counsel for First BanCorp, and Fried Frank, counsel to the Audit Committee of R&G Financial Corporation.  We have included these documents on the privilege log to preserve any common interest privilege between counsel.  In any event, we do not believe that these communications are significant to the above referenced matter.

In addition, documents numbered FBP-SEC 21891 through FBP-SEC 22052 contain hand-written notes, which we understand were written by Carmen Szendrey.

We request on behalf of First BanCorp pursuant to Commission regulations regarding confidentiality and other information (17 C.F.R. §200.83), that this letter, the enclosed documents, and all information contained therein (collectively, the "Materials"), be afforded confidential treatment as they contain trade secrets, commercial information, financial information, and/or other privileged or confidential material that is protected from disclosure under the Freedom of Information Act (5 U.S.C. §552(b)).  In order to ensure confidentiality, the Materials have been marked "Confidential

NYA 802469.1

**C L I F F O R D**
**C H A N C E**

Jason Anthony, Esq.                                                                     Page 2
September 21, 2006

Treatment Requested by Clifford Chance US LLP on Behalf of FBP." In addition, we respectfully request that we, as counsel for First BanCorp, be notified in the event that the Commission for any reason considers disclosing the Materials (in any form) to a third party. Further, First BanCorp hereby requests that upon conclusion of the Commission's investigation, the Commission return to us, as counsel for First BanCorp, all Materials produced by First BanCorp, as well as any copies made thereof.

Sincerely,

David Meister

enclosures

cc:     Office of Freedom of Information and Privacy Act Operations (w/o enclosures)