

**U.S. Securities and Exchange Commission**

## Doral Financial Settles Financial Fraud Charges with SEC and Agrees to Pay $25 Million Penalty

**FOR IMMEDIATE RELEASE**
**2006-155**

*Washington, D.C., Sept. 19, 2006* — The Securities and Exchange Commission today filed financial fraud charges against Doral Financial Corporation, alleging that the NYSE-listed Puerto Rican bank holding company overstated income by 100 percent on a pre-tax, cumulative basis between 2000 and 2004. The Commission further alleges that by overstating its income by $921 million over the period, the company reported an apparent 28-quarter streak of "record earnings" that facilitated the placement of over $1 billion of debt and equity. Since Doral Financial's accounting and disclosure problems began to surface in early 2005, the market price of the company's common stock plummeted from almost $50 to under $10, reducing the company's market value by over $4 billion.

Without admitting or denying the Commission's allegations, Doral Financial has consented to the entry of a court order enjoining it from violating the antifraud, reporting, books and records and internal control provisions of the federal securities laws and ordering that it pay a $25 million civil penalty. The settlement reflects the significant cooperation provided by Doral in the Commission's investigation.

Linda Chatman Thomsen, Director of the Division of Enforcement, said, "The accounting fraud at Doral is particularly troubling because it occurred after the reforms of the Sarbanes-Oxley Act of 2002. Today's settlement reflects our continuing commitment to protect shareholders against financial fraud."

Peter H. Bresnan, a Deputy Director in the Division of Enforcement, stated, "The scheme engaged in by Doral senior management involved improper valuation of corporate assets, sales lacking economic substance and round-trip transactions. Today's action should emphasize that these types of accounting tricks will not be tolerated."

According to the Commission's complaint, Doral Financial improperly accounted for the purported sale of non-conforming mortgage loans to other Puerto Rican financial institutions in three respects. First, Doral Financial improperly recognized gain on sales of approximately $3.9 billion in mortgages to a large Puerto Rican financial institution. These transactions were not true sales under generally accepted accounting standards because of oral agreements or understandings between Doral Financial's former treasurer, its former director emeritus and the counterparty's senior management providing recourse beyond the limited recourse established in the written contracts. Second, Doral Financial senior management significantly overvalued interest-only strips retained

DEFENDANT'S EXHIBIT
Levis 102

company in its mortgage loan sale transactions. Finally, the Commission further alleges that Doral Financial managed earnings through a series of contemporaneous purchase and sale transactions with other Puerto Rican financial institutions totaling approximately $847 million.

The Commission's complaint, which was filed in the United States District Court for the Southern District of New York, charges Doral Financial with violating Section 17(a) of the Securities Act of 1933 and Sections 10(b), 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act of 1934 and Rules 10b-5, 12b-20 13a-1 and 13a-13.

The Commission acknowledges the assistance of the United States Attorney's Office for the Southern District of New York, the Federal Bureau of Investigation, the Board of Governors of the Federal Reserve System and the Federal Deposit Insurance Company.

The Commission's investigation is continuing.

Contacts:

Peter H. Bresnan
Deputy Director
Division of Enforcement
202-551-4597

Cheryl J. Scarboro
Assistant Director
Division of Enforcement
202-551-4403

➤ Additional materials: Litigation Release No. 19837

http://www.sec.gov/news/press/2006-155.htm



Home | Previous Page

U.S. Securities and Exchange Commission

### SECURITIES AND EXCHANGE COMMISSION

**Litigation Release No. 20227 / August 7, 2007**



**Accounting and Auditing Enforcement Release No. 2664 / August 7, 2007**

*Securities and Exchange Commission v. First BanCorp, 07-CV-7039 (Crotty, J.) (S.D.N.Y. filed August 7, 2007)*

**First BanCorp Settles Financial Fraud Charges With SEC and Agrees to Pay $8.5 Million Penalty**

The Securities and Exchange Commission today filed financial fraud charges against First BanCorp, alleging that former senior management of the NYSE-listed, Puerto Rico-based bank holding company concealed the true nature of more than $4 billion worth of transactions involving "non-conforming" mortgages from 2000 until 2005. Non-conforming mortgages have income verification and credit history standards that are generally more flexible than those required for sale or exchange under Fannie Mae and Freddie Mac programs and can constitute "subprime" mortgages.



The Commission's complaint charges First BanCorp with aiding and abetting violations of the federal securities laws by Doral Financial Corporation, another NYSE-listed, Puerto Rico-based bank holding company. Doral Financial previously consented to the entry of a court order enjoining it from violating the antifraud, reporting, books and records and internal control provisions of the federal securities laws and ordering that it pay a $25 million civil penalty [LR-19837 (Sept. 19, 2006)].

According to today's complaint, First BanCorp, which purportedly purchased the non-conforming mortgages from Doral Financial, profited from the transactions by earning more than $100 million in net interest income at little or no risk. Doral Financial, which purportedly sold the mortgages to First BanCorp, improperly recognized income on the transactions. According to the Commission, the mortgage-related transactions were not true sales under generally accepted accounting principles because senior management of Doral Financial agreed orally and in emails to extend the recourse provision beyond the 24-month period included in the written agreements to recourse for the duration of the mortgages.

The Commission's complaint, which was filed in the United States District Court for the Southern District of New York, charges First BanCorp with aiding and abetting violations of Sections 10(b), 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act of 1934 and Rules 10b-5, 12b-20 13a-1 and 13a-13. Without admitting or denying the Commission's charges, First BanCorp consented to being permanently enjoined from violating those antifraud, reporting, books and records and internal control

First BanCorp: Litigation Release No. 20227, August 7, 2007                                Page 2 of 2

provisions of the federal securities laws and to paying an $8.5 million civil penalty.

The Commission acknowledges the assistance of the United States Attorney's Office for the Southern District of New York, the Federal Bureau of Investigation, the Board of Governors of the Federal Reserve System and the Federal Deposit Insurance Company.

The Commission's investigation is continuing.

➤ SEC Complaint in this matter

http://www.sec.gov/litigation/litreleases/2007/lr20227.htm

Home | Previous Page                                            Modified: 08/07/2007



Home | Previous Page

U.S. Securities and Exchange Commission

## U.S. SECURITIES AND EXCHANGE COMMISSION

Litigation Release No. 20455 / February 13, 2008

*Securities and Exchange Commission v. R&G Financial Corporation,*
08 CV 1471 (Marrero, J.) (S.D.N.Y. filed February 13, 2008)

### R&G Financial Settles Financial Fraud Charges With SEC

The Securities and Exchange Commission today filed financial fraud charges against R&G Financial Corporation, a bank holding company with mortgage banking operations in Puerto Rico. The Commission alleges that R&G Financial overstated income by approximately $180 million or 80 percent on a cumulative basis by improperly accounting for billions of dollars worth of mortgage-related transactions in 2002, 2003 and 2004. The Commission further alleges that those accounting irregularities enabled R&G financial to report an apparent twelve quarter streak of "record earnings." Since the accounting and disclosure problems began to surface in early 2005, the market price of the company's common stock plummeted from approximately $40 to $10 per share or 75%, thereby reducing equity market value by approximately $900 million.

According to the Commission's complaint, R&G Financial improperly accounted for the purported sale of non-conforming mortgage loans to other Puerto Rican financial institutions in two respects. First, R&G Financial improperly recognized gain on sales of mortgages. These transactions were not true sales under generally accepted accounting principles because of full recourse provisions in the written contracts. Second, R&G Financial significantly overvalued interest-only strips retained by the company in its purported mortgage loan sale transactions. The Commission further alleges that R&G Financial managed earnings through a series of mortgage loan swap transactions with other Puerto Rican financial institutions.

The Commission's complaint, which was filed in the United States District Court for the Southern District of New York, charges R&G Financial with violating Sections 10(b), 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act of 1934 and Rules 10b-5, 12b-20, 13a-1 and 13a-13. Without admitting or denying the Commission's allegations, R&G Financial has consented to the entry of a court order enjoining it from violating those antifraud, reporting, books and records and internal control provisions of the federal securities laws.

The Commission acknowledges the assistance of the United States Attorney's Office for the Southern District of New York, the Federal Bureau of Investigation, the Board of Governors of the Federal Reserve System and the Federal Deposit Insurance Company.

R&G Financial Corporation: Lit. Rel. No. 20455 / February 13, 2008                    Page 2 of 2

The Commission's investigation is continuing.

➤ SEC Complaint in this matter

http://www.sec.gov/litigation/litreleases/2008/lr20455.htm

Home | Previous Page                                                                  Modified: 02/13/2008