UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **CASE NO. 08-CR-181 (TPG)(S)** |
| | ) | |
| MARIO S. LEVIS, | ) | |
| a/k/a "Sammy Levis," | ) | |
| | ) | |
| *Defendant.* | ) | |
| _____ | ) | |

---

**DEFENDANT'S REQUESTED JURY INSTRUCTIONS**

---

ROY BLACK, ESQ.
(FL Bar No. 126088)
HOWARD SREBNICK, ESQ.
(FL Bar No. 919063)
MARIA D. NEYRA, ESQ.
(FL Bar No. 074233)
BLACK, SREBNICK, KORNSPAN
& STUMPF, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
Phone (305) 371-6421
Fax (305) 358-2006
rblack@royblack.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **CASE NO. 08-CR-181 (TPG)(S)** |
| | ) | |
| MARIO S. LEVIS, | ) | |
| a/k/a "Sammy Levis," | ) | |
| | ) | |
| *Defendant.* | ) | |
| _____ | ) | |

## **DEFENDANT'S REQUESTS TO CHARGE**

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, Defendant Mario

Levis respectfully requests that the Court include the following instructions in its charge to

the jury.

Respectively submitted,

   */s/ Roy Black*
ROY BLACK, ESQ.
(FL Bar No. 126088)
HOWARD SREBNICK, ESQ.
(FL Bar No. 919063)
MARIA D. NEYRA, ESQ.
(FL Bar No. 074233)
BLACK, SREBNICK, KORNSPAN
& STUMPF, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
Phone (305) 371-6421
Fax (305) 358-2006
rblack@royblack.com.

## REQUEST NO. 1

### Duty to Follow Instructions - Indictment Not Evidence

You must make your decision only on the basis of the testimony and other evidence presented here during the trial;  and you must not be influenced in any way by either sympathy or prejudice for or against the Defendants or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not;  and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, as I will now explain more fully, every Defendant is presumed by law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

*Authority*:

Committee On Pattern Jury Instructions, District Judge's Association, Eleventh Circuit, *Pattern Jury Instructions (Criminal Cases)*, 2003 Edition, Basic Instruction No. 2.1.

**REQUEST NO. 2**

**Presumption of Innocence and Reasonable Doubt**

The defendant has pleaded not guilty to the charges in the Indictment. As a result, the burden is on the prosecution to prove the defendant's guilt, if any, beyond a reasonable doubt.

The defendant does not bear any burden whatsoever. He does not have to prove himself innocent. He has no duty and no obligation to testify, to offer witnesses, to cross-examine witnesses, or to produce evidence. Rather, it is at all times the government's burden to prove the defendant's guilt, if any, beyond a reasonable doubt.

The law presumes a defendant to be innocent of all the charges against him. I, therefore, instruct you that you are to presume the defendant to be innocent when the trial began, at this very moment, throughout your deliberations, and until such time, if it comes, that you as a jury are unanimously satisfied that the Government has proven that the defendant is guilty beyond a reasonable doubt of the charge that you are considering.

The presumption of innocence alone is sufficient to acquit Mr. Levis of all charges unless you as jurors, after a careful and impartial consideration of all of the evidence in this case, are unanimously convinced that the defendant is guilty beyond a reasonable doubt of the specific charge you are considering. If the Government fails to sustain its burden as to a particular charge, you must find the defendant not guilty of that charge.

Remember that the burden is always upon the Government to prove guilt beyond a reasonable doubt and that the burden of proof never shifts to a defendant.

It is not required that the Government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense — the kind of doubt that would make a reasonable person hesitate to act. Proof beyond

a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the Government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the particular offense you are considering, you must acquit the defendant even if you think the defendant probably guilty of the charge in question.  In other words, if the evidence supports an inference of guilt and an inference of innocence, you must give the defendant the benefit of the doubt and find the defendant not guilty.

*Authority*:

Adapted from KEVIN F. O'MALLEY *ET AL.* (formerly HON. EDWARD J. DEVITT *ET AL.*), FEDERAL JURY PRACTICE AND INSTRUCTIONS – CRIMINAL (5th ed. 2000), § 12.10.  *See United States v. Gatzonis*, 805 F.2d 72, 74 (2d Cir. 1986) (per curiam) (stating that "trial judges would be exceedingly well advised" to use Judges Devitt's and Blackmar's instruction). For last sentence of proposed charge, *see United States v. Martinez-Sandoval*, No. 01 CR 307(RPP), 2003 WL 1442454, at *5 (S.D.N.Y. Mar. 6, 2003) (citing *United States v. Glenn*, 312 F.3d 58, 64 (2d Cir. 2002)); 1 Sand, MODERN FEDERAL JURY INSTRUCTIONS ¶ 5.01.

## REQUEST NO. 3

### Credibility of Witnesses

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and forthright? Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent in his or her testimony or did the witness contradict him- or herself?  Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness's bias. Does the witness have a relationship with the government or the defendant which may affect how he or she testified? Does the witness have some incentive, or motive that might cause him or her to shade the truth?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness's ability to express himself or herself. Ask yourselves whether the witness's recollection of the facts stand up in light of all other evidence.

If a witness made statements in the past that are inconsistent with his or her testimony during the trial concerning matters that are at issue here, you may consider that fact in deciding how much of his or her testimony, if any, to believe. In making this determination,

you may consider whether the witness purposely made a false statement, either in court or in the past, or whether it was an innocent mistake. You may also consider whether the inconsistency concerns an important fact or whether it had to do with a small detail, as well as whether the witness had an explanation for the inconsistency and, if so, whether that explanation appealed to your common sense.

If you find that a witness has testified falsely as to any material fact or if you find that a witness has been previously untruthful when testifying under oath or otherwise, you may reject that witness's testimony in its entirety or you may accept only those parts that you believe to be truthful.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection. In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

In other words, you do not leave your common sense, good judgment or your life experiences behind you when you walk into the courtroom. You carry that background into the jury room during your deliberations. Please remember, however, that you may not use your experience and common sense to fill in or create evidence that does not exist. You use them only to draw reasonable inferences from proven fact or to weigh and evaluate the evidence provided during the trial.

> **Authority**: Adapted from 1 Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instruction 7–1 and the charge of the Hon. Sonia Sotomayor in *United States v. Lech*, S2 94 Cr. 285-03 (SS), Tr. at 854-57.

## REQUEST NO. 4

### Credibility of Witness — False Statement

One of the government's witnesses, Jose Eugenio Lopez, Sr., has pleaded guilty to making false statements to a government official.  I must warn you that Mr. Lopez's testimony should be viewed cautiously and weighed with great care. If a person knowingly lied about any material matter, as Mr. Lopez has admitted doing, you have the right to conclude that that witness has also lied about other matters.  You may either disregard all of Mr. Lopez's testimony, or you may accept whatever part of it, if any, you think deserves to be believed.  As with all witnesses, it is for you to decide how much of his testimony, if any, you wish to believe.

*Authority*:

Adapted from 1 Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instruction 7-18 (citing *United States v. Collins*, 223 F.3d 502 (7th Cir. 2000); *United States v. Cook*, 949 F.2d 289 (10th Cir. 1991)); 1A O'Malley *et al.*, FEDERAL JURY PRACTICE AND INSTRUCTIONS §§ 15.06, 15.10.

## REQUEST NO. 5

## Interest in Outcome

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and weigh it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

*Authority*:

1 Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instruction 7-3 (citing *United States v. Bufalino*, 683 F.2d 639 (2d Cir. 1982); *United States v. Frank*, 494 F.2d 145 (2d Cir. 1974)).

<u>**REQUEST NO. 6**</u>

<u>**Government Witness—Not Proper To Consider Guilty Plea**</u>


You have heard testimony from one government's witness, Jose Eugenio Lopez, Sr., who pled guilty to a charge arising out of facts involved in this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of Mr. Levis from the fact that Jose Lopez, Sr., pled guilty to making a false statement.  The mere fact that another person pled guilty to a particular crime of which that person was accused is not determinative of whether the government has proven Mr. Levis guilty beyond a reasonable doubt.  That witness's decision to plead guilty was a personal decision about his own guilt. It may not be used by you in any way as evidence against Mr. Levis.


*Authority*:

Adapted from 1 Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instruction 7–10 (citing *United States v. Prawl*, 168 F.3d 622 (2d Cir. 1999).

**REQUEST NO. 7**

**Plea Agreement**

In this case, there has been testimony from one government witness, Jose Eugenio Lopez, Sr., who pled guilty after entering into an agreement with the government to testify.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness if you find the witness credible.  However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely.  Therefore, you must examine his testimony with caution and weigh it with great care.  If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

*Authority*:

1 Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instruction 7–11 (citing *United States v. Gleason*, 616 F.2d 2 (2d Cir. 1979)).

## REQUEST NO. 8

### Defendant's Election Not to Testify

Mr. Levis did not testify in this case. Under our Constitution a defendant has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove the defendant guilty beyond a reasonable doubt.

As I stated earlier, the burden remains with the prosecution throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is not guilty. The right of a defendant not to testify is an important part of our Constitution.

You may not attach any significance to the fact that Mr. Levis did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  In other words, you may not hold the fact that he did not testify against Mr. Levis. You may not consider this against him in any way in your deliberations in the jury room.

*Authority*:

Adapted from the charge of the Hon. John S. Martin in *United States v. Anosike*, 94 Cr. 717 (quoting *Wilson v. United States*, 149 U.S. 60, 66 (1893)). *See also Carter v. Kentucky*, 450 U.S. 288, 300 n.15 (1981);  *Griffin v. California*, 380 U.S. 609, 613 (1965).

## REQUEST NO. 9

### Expert Witnesses

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

*Authority*:

Committee On Pattern Jury Instructions, District Judge's Association, Eleventh Circuit, *Pattern Jury Instructions (Criminal Cases)*, 2003 Edition, Basic Instruction No. 7.

## REQUEST NO. 10

### Good Faith

Good faith is an absolute defense to the securities fraud and wire fraud charges in this case. A statement made with good faith belief in its accuracy does not amount to a false statement and is not a crime. This is so even if the statement is, in fact, erroneous.

Similarly, if the defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime.

The burden of establishing lack of good faith and criminal intent rests upon the prosecution. A defendant is under no burden to prove his good faith; rather, the prosecution must prove bad faith beyond a reasonable doubt.

> *Authority*:
>
> Adapted from 1 Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instruction 8–1 (citing *Cheek v. United States*, 498 U.S. 192 (1991);  *Durland v. United States*, 161 U.S. 306 (1896);  *United States v. Ballard*, 322 U.S. 78 (1944)).

## REQUEST NO. 11

## Crime Defined By Statute Only

In our system, federal crimes are defined only by statutes written by Congress. The fact that something may be repugnant to you, or may be something that you think is morally wrong, is quite simply irrelevant to your deliberations. Statutes define crimes and the elements that the Government must prove beyond a reasonable doubt. A vague sense that something wrong or immoral has been done is insufficient to convict anyone of any charge whatsoever. Thus, you may not convict someone simply because you may feel that he did something improper. You may find someone guilty of a particular charge only if the government has proven each element of that charge beyond a reasonable doubt.

*Authority*:

Adapted from the charge of the Hon. Kevin T. Duffy in *United States v. Scherer*, 92 Cr. 698 (ALL), Tr. at 1967. *See also Chiarella v. United States*, 445 U.S. 222, 232 (1980) ("not every instance of financial unfairness constitutes fraudulent activity under § 10(b)").

**REQUEST NO. 12**

**Count One: Securities Fraud—Elements**

Count 1 of the indictment charges Mr. Levis with securities fraud.

In order to meet its burden of proof, the government must establish beyond a reasonable doubt the following elements of the crime of securities fraud:

*First*, that in connection with the purchase or sale of Doral securities Mr. Levis made false and misleading statements of material fact regarding the existence of safeguards to confirm and preserve the report value of Doral's IOs;

*Second*, that Mr. Levis acted willfully, knowingly and with the intent to defraud.

*Third*, that Mr. Levis knowingly used, or caused to be used, any means or instruments of transportation or communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct.

Thus, to prove that Mr. Levis committed securities fraud, the government must prove beyond a reasonable doubt that Mr. Levis committed each of the three elements I have just enumerated.  If the government fails to prove that Mr. Levis committed each of those elements, you must find him not guilty on Count 1.

> *Authority*:
>
> Adapted from 1 Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS, Instruction 57–21 (citing *United States v. Gleason*, 616 F.2d 2 (2d Cir. 1979)).

## REQUEST NO. 13

## Count One: Securities Fraud—First Element—Definitions

To assist you in deciding whether the government has proven the first element of securities fraud beyond a reasonable doubt, I will remind you of what several relevant terms mean.

As I've noted before, to constitute securities fraud, the conduct at issue must have been "in connection with the purchase or sale of securities."

The term "security" includes any stock, bond, or certificate of deposit for a security.

In order to satisfy its burden of proof with respect to the "in connection with" requirement, the government must prove beyond a reasonable doubt that there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities. The government does not have to prove that Mr. Levis himself bought or sold Doral securities.  However, the government must prove beyond a reasonable doubt that Mr. Levis's conduct was directly related to the purchase or sale of Doral securities.

A "device" is an invention, a contrivance, or the result of some plan or design.

A "scheme" is a design or a plan formed to accomplish some purpose.

An "artifice" is an ingenious contrivance or plan of some kind.

I remind you that there is nothing about the terms "device," "scheme," or "artifice" which  in themselves imply anything fraudulent. The terms are plain English words that are neutral.  A "device, scheme, or artifice to defraud" as used in these instructions, however, means the forming of some invention, contrivance, plan, or design to trick or to deceive in order to obtain money or something of value.

If you find that the government has established beyond a reasonable doubt that Mr. Levis, in connection with the purchase or sale of a security, made a false statement or to omitted a fact, you must next determine whether the government has proven beyond a reasonable doubt that the misstatement or omission was material under the circumstances.

**Authority**:

Adapted from 1 Sand et al., MODERN FEDERAL JURY INSTRUCTIONS Instruction No. 57–22 (citing *Rand v. Anaconda-Ericsson, Inc.*, 794 F.2d 843 (2d Cir. 1986); *Chemical Bank v. Arthur Anderson & Co.*, 726 F.2d 930 (2d Cir. 1984); *SEC v. Texas Gulf Sulphur Co.*, 401 F.2d 833 (2d Cir. 1968)); 2 O'Malley et al., FEDERAL JURY PRACTICE AND INSTRUCTIONS §§ 62.11–62.14 (citing *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 10 (2d Cir. 1983); *United States v. Stirling*, 571 F.2d 708, 725 (2d Cir. 1978); *United States v. Brown*, 555 F.2d 336, 339 (2d Cir. 1977); *United States v. Blitz*, 533 F.2d 1329, 1338–43 (2d Cir. 1976); *United States v. Gentile*, 530 F.2d 461, 466–67 (2d Cir. 1976); *United States v. Canton*, 470 F.2d 861, 862 (2d Cir. 1972); *SEC v. Texas Gulf Sulphur Co.*, 401 F.2d 833, 848 (2d Cir. 1968 ) (en banc)).

## REQUEST NO. 14

### Count One: Securities Fraud—First Element—Materiality Defined

A misrepresentation or fraud is not actionable unless it is material. To satisfy the materiality requirement, the government must prove beyond a reasonable doubt that there was a substantial likelihood that the misrepresented fact would have been viewed by a reasonable investor as significantly altering the total mix of available information.

However, when the SEC filings of a public company contain warnings and disclaimers about the risk of investing in the company, a reasonable investor would not rely upon any conflicting statements made by company officials.

> *Authority*:
>
> *Basic Inc. v. Levinson*, 485 U.S. 224, 108 S. Ct. 978, 983 (1988) (to meet the materiality requirement in securities fraud cases, "there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available"); *ECA Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 197 (2d Cir. 2009); *DeMaria v. Andersen*, 318 F.3d 170, 182 (2d Cir. 2003) (where the defendant's "prospectus [was] replete with warnings and explanations of risk associated with the company's past financial history and future expectations," a "reasonable investor" would not have been misled by the company's failure to explicitly reveal "the company's actual first quarter losses"); *Olkey v. Hyperion 1999 Term Trust, Inc.*, 98 F.3d 2, 7 (2d Cir. 1996) (dismissing securities fraud complaint that claimed investors were misled into thinking their investments would remain stable as interest rates rose and fell where the false assurances were counteracted by "extensive cautionary language" in the prospectuses), *cert. denied*, 520 U.S. 1264, 117 S.Ct. 2433 (1997).

## REQUEST NO. 15

### Materiality

Statements that are "puffery" or "misguided optimism" do not constitute securities fraud when the company's publicly filed documents contain warnings, disclosures or disclaimers about the risks of investing.

> *Authorities:*
>
> *Rombach v. Burdick*, 355 F.3d 164, 173-75 (2d Cir. 2004) (stating that "puffery" or "misguided optimism" is "not actionable as fraud"); *In re: New York Community Bancorp, Inc., Securities Litigation*, 448 F. Supp. 2d 466, 478-79 (E.D.N.Y. 2006) (holding that misstatements "regarding fiscal discipline, and risk management ... amount to no more than inactionable puffery" when the company's publicly filed documents contain disclosures about inherently "risky investments"), citing *Lasker v. Nework State Elec. & Gas Corp.*, 85 F.3d 55, 59 (2d Cir. 1996) (per curiam).

<u>**REQUEST NO. 16**</u>

<u>**Count One: Securities Fraud—Second Element—Knowledge, Intent, and**</u>

<u>**Willfulness**</u>

The second element that the government must establish beyond a reasonable doubt in order to prove securities fraud is that Mr. Levis acted knowingly, willfully and with intent to defraud.

The term ''knowingly'' means to act voluntarily and deliberately, rather than mistakenly or inadvertently, and that "willfully'' means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

''Intent to defraud'' in the context of the securities laws means to act knowingly and with the intent to deceive.  The question of whether a person agreed to act knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Whether by direct or by circumstantial evidence, the government must prove beyond a reasonable doubt that Mr. Levis acted specifically with an intent to deceive investors in Doral securities.

Since intent to defraud is an essential element of securities fraud, it follows that good faith on the part of a defendant would be a complete defense to a charge of securities fraud. Thus, even if Mr. Levis committed acts that might otherwise be seen as fraudulent, if he did so in good faith, he cannot be convicted of securities fraud. Mr. Levis does not need to establish his good faith. The burden, as always, is on the government, which must prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

Under the anti-fraud statutes, even false representations or statements do not amount to a fraud unless done with fraudulent intent.   An honest belief in the truth of the representations agreed to be made by a defendant is a complete defense, however inaccurate the statements may turn out to be.

**Authority**:

Adapted from 1 Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS Instruction No. 57–25 (citing *United States v. Sterling*, 571 F.2d 708 (2d Cir. 1978)); 2 O'Malley et al., FEDERAL JURY PRACTICE AND INSTRUCTIONS §§ 62.15 (citing *SEC v. Drysdale Secs. Corp.*, 785 F.2d 38, 42 (2d Cir. 1986); *United States v. Hamilton*, 3 Fed. Appx. 7, 10 (2d Cir. 2001) (holding that district court properly charged, regarding mail and wire fraud, that "a good faith belief in the honesty of the representations is a complete defense ... The government has the burden of proof to show the intent to deceive instead – and that that occurred rather than a good faith belief, an honest belief in the truth of the representations"); *United States v. Alkins*, 925 F.2d 541, 550 (2d Cir. 1991) ("an honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statement may turn out to be").  *See also United States v. Hanlon*, 548 F.2d 1096, 1101 (2d Cir. 1977));  *Geffon v. Micrion Corp.*, 249 F.3d 29 (1st Cir. 2001);  *In re Qwest Communications Intern., Inc.*, 396 F. Supp. 2d 1178 (D. Colo. 2004);  *United State v. Stewart*, 305 F. Supp. 2d 368 (S.D.N.Y. 2004); *In re Compuware Securities Litigation*, 301 F. Supp. 2d 672 (E.D. Mich. 2004);  *SEC v. Solucorp Industries, Ltd.*, 274 F. Supp. 2d 379 (S.D.N.Y. 2003); *SEC v. Fitzgerald*, 135 F. Supp. 2d 992 (N.D. Cal. 2001);  *In re Northern Telecom Ltd. Securities Litigation*, 116 F. Supp. 2d 446 (S.D.N.Y. 2000).

## REQUEST NO. 17

### Counts Two Through Five:  Wire Fraud – Elements

Counts 2 through 5 allege that Mr. Levis knowingly and willfully violated the wire fraud statute.  Title 18, United States Code, Section 1343, makes it a Federal crime or offense for anyone to use interstate wire communications facilities in carrying out a scheme to defraud.

In order to sustain this charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, that Mr. Levis devised or participated in a scheme to defraud and for obtaining money or property by means of false pretenses, representations or promises;

*Second*, that Mr. Levis acted willfully and knowingly, and with the intent to defraud;

*Third*, that the false pretenses, representations or promises related to a material fact;

*Fourth*, that Mr. Levis transmitted or caused to be transmitted by wire in interstate commerce some communication for the purpose of executing the scheme to defraud.

> *Authority*:
>
> Committee On Pattern Jury Instructions, District Judge's Association, Eleventh Circuit, *Pattern Jury Instructions (Criminal Cases)*, 2003 Edition, Offense Instruction No. 51.1 (modified as indicated).  *See Porcelli v. United States*, 404 F.3d 157, 162 (2d Cir. 2005);  *Fountain v. United States*, 357 F.3d 250, 255 (2d Cir. 2004), *cert. denied,* 125 S. Ct. 1969 (2005) ;  *United States v. Rybicki*, 354 F.3d 124, 145-46 (2d Cir. 2003) (en banc), *cert. denied,* 125 S. Ct. 32 (2004);  *United States v. Handakos*, 286 F.3d 92, 100 (2d Cir. 2002) ; *United States v. Kinney*, 211 F.3d 13, 17 (2d Cir. 2000);  *United States v. Zichettello*, 208 F.3d 72, 105 (2d Cir. 2000) (wire fraud);  *United States v. Walker*, 191 F.3d 326, 335 (2d Cir. 1999);  *United States v. Gole*, 158 F.3d 166, 167 (2d Cir. 1998);  *United States v. Wallach*, 935 F.2d 445, 461 (2d Cir. 1991).

**REQUEST NO. 18**

**Counts Two Through Five: Wire Fraud – First Element-**

**Existence of Scheme To Defraud**

The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud someone of money or property by means of false or fraudulent pretenses, representations or promises.

This first element is almost self-explanatory.

A "scheme or artifice" is merely a plan for the accomplishment of an object.

A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

"Fraud" is a general term which embraces all the various means by which human ingenuity can devise and which are resorted to by an individual to gain an advantage over another by false representations, suggestions or suppression of the truth, or deliberate disregard for the truth.  Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

The scheme to defraud is alleged to have been carried out by making false or fraudulent statements, representations and documents.  A statement, representation, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.  A representation or statement is fraudulent if it was falsely made with the intention to deceive.

*Authority*:

Adapted from 1 Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS Instruction No. 44-4 (citing *United States v. DiNome*, 86 F.3d 277 (2d Cir. 1996);  *United States v. Starr*, 816 F.2d 94 (2d Cir. 1987)).  *See also United States v. Kreimer*, 609 F.2d 126, 128 (5th Cir. 1980) ("the [wire fraud] statute

does not reject all business practices that do not fulfill expectations, nor does it taint every breach of a business contract").  *See also United States v. Regent Office Supply Co.*, 421 F.2d 1174, 1180 (2d Cir. 1970).

## REQUEST NO. 19

### Counts Two Through Five: Wire Fraud – Second Element- Willfulness

The second element also requires that the government prove beyond a reasonable doubt that the defendant acted knowingly and willfully and with intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of wire fraud. A defendant, however, has no burden to establish a defense of good faith.  The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Under the wire fraud statute, even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent.  An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be.

*Authority*:

Adapted from 1 Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS Instruction No. 44-5 (citing *United States v. Berkovich*, 168 F.3d 64 (2d Cir. 1999); *United States v. DiNome*, 86 F.3d 277 (2d Cir. 1996) (citing Treatise)). As to "good faith" instruction, *see United States v. Hamilton*, 3 Fed. Appx. 7, 10 (2d Cir. 2001) (holding that district court properly charged, regarding mail and wire fraud, that "a good faith belief in the honesty of the representations is a complete defense ... The government has the burden of proof to show the intent to deceive instead – and that that occurred rather than a good faith belief, an honest belief in the truth of the representations"); *United States v. Alkins*, 925 F.2d 541, 550 (2d Cir. 1991) ("an honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statement may turn out to be").

**REQUEST NO. 20**

**Counts Two Through Five: Wire Fraud – Third Element- Materiality**

The third element that the government must prove beyond a reasonable doubt is that the false or fraudulent pretenses, representations or promises relate to a material fact or matter.  A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision to invest in Doral securities.  In addition, to be material, the misrepresentation or failure to disclose information must be one that can or does result in some tangible harm. That is, it must either have some independent value or it must bear on the ultimate value of the transaction.

This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person or investor might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.

*Authority*:

Adapted from 1 Sand *et al.*, MODERN FEDERAL JURY INSTRUCTIONS Instruction No. 44-4 (citing *United States v. DiNome*, 86 F.3d 277 (2d Cir. 1996);  *United States v. Starr*, 816 F.2d 94 (2d Cir. 1987)).  *See generally Neder v. United States,* 527 U.S. 1, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999). *See also United States v. Rybicki*, 354 F.3d 124, 145-46 (2d Cir. 2003) (en banc), *cert. denied,* -- U.S. --, 125 S. Ct. 32 (2004) (treating materiality as a separate element in section 1346 cases involving honest services fraud); *United States v. Woods*, 335 F.3d 993, 997 (9th Cir. 2003) (approving formulation treating materiality as separate element); *United States v. Blastos*, 258 F.3d 25, 27-29 (1st Cir. 2001) (suggesting that materiality be treated as separate element).

*United States v. Mittelstaedt*, 31 F.3d 1208, 1217 (2d Cir. 1994), *cert. denied*, 513 U.S. 1084, 115 S.Ct. 738, 130 L.Ed. 2d 640 (1995):  "To be material, the information withheld either must be of some independent value or must bear on the ultimate value of the transaction. [Citation omitted.] To convict, the

government had to establish that the omission caused (or was intended to cause) actual harm to the village of a pecuniary nature or that the village could have negotiated a better deal for itself if it had not been deceived.  The jury should have been so instructed." *Accord United States v. Autuori*, 212 F.3d 105, 118 (2d cir. 2000); *DiNome*, 86 F.3d at 283-84.

## **REQUEST NO. 21**

## **Contracts – Reasonable Constructions**

A defendant cannot be found guilty of making a false statement about a contract if the statement constitutes a reasonable interpretation of the contract.  To prove that a defendant's statement about a contract is false, the government must prove beyond a reasonable doubt that the defendant's interpretation of the contract is not reasonable.

*Authority*:

*United States v. Race*, 632 F.2d 1114 (4th Cir. 1980).

**REQUEST NO. 22**

**Contracts – Reasonable Constructions**

To prove that a defendant's alleged statement about a contract is false, the government must negate every reasonable interpretation that would make the defendant's statement factually correct.

*Authority*:

*United States v. Race*, 632 F.2d 1114 (4th Cir. 1980).

## REQUEST NO. 23

### Puffery

A statement cannot be false if it is mere puffery.

**Authorities:** *Rombach v. Burdick*, 355 F.3d 164, 173-75 (2d Cir. 2004)

## REQUEST NO. 24

### Particular Statements Charged

Regarding Count 2, the alleged false statement is:

> Caps are embedded in the actual contract of the sale/purchase commitments and all contracts (100%) have caps.

Regarding Count 3, the alleged false statements are:

> All loans backing up [the] IO have caps embedded in the sale/purchase agreements.  These caps are significantly below the WAC of the portfolio .... Today, net yield paid to investors is close to the caps.

Regarding Count 4, the alleged false statements are:

> In all events, these caps are significantly lower than the WAC of the loans.  So at all times, Doral will enjoy a hefty positive spread.

Regarding Count 5, the alleged false statements are

> To determine the fair value of its IO portfolio, Doral Financial engages in two external valuations with parties independent of the company and of each other.

## REQUEST NO. 25

### Specific Unanimity

Where a particular count alleges more than one allegedly false statement, you may not find Mr. Levis guilty unless you are unanimous about the particular statement that the government has proved beyond a reasonable doubt as to all elements of the offense.

**Authorities:** *United States v. Natelli*, 527 F.2d 311, 324-25 (2d Cir. 1975).

**<u>REQUEST NO. 26</u>**

**<u>Puffery and Opinions</u>**

In deciding whether a particular statement is false, I instruct you that words and phrases such as "significantly," "hefty," and "close to," are terms of relative degree and therefore constitute mere puffery as a matter of law.

## REQUEST NO. 27

### Defendant's Special Requested Jury Instruction
[*THEORY OF DEFENSE*]

_____It is Mr. Levis's defense that he had a good faith belief that embedded in all the contracts were caps and calls (that he believed functioned like caps), which ensured that the IO portfolio would always generate significant profits for Doral.

Mr. Levis had a good faith belief that Doral had purchased caps and other hedging instruments as safeguards to preserve the income of Doral.

Mr. Levis also believed in good faith that Morgan Stanley and Popular Securities were parties independent of Doral who provided external valuations to determine the fair value of its IO portfolio.

As I previously instructed you, the government has the burden to prove beyond a reasonable doubt that Mr. Levis did not act in good faith.

### *Authorities*

*United States v. Dover*, 916 F.2d 41, 47 (2d Cir. 1990) (a defendant "is entitled to instructions relating to his theory of defense, for which there is some foundation in the proof, no matter how tenuous that defense may appear to the trial court").

*United States v. Durham*, 825 F.2d 716, 718-19 (2d Cir. 1987) ("we stated that 'it is well established that '[a] criminal defendant is entitled to have instructions presented relating to any theory of defense for which there is any foundation in the evidence, no matter how weak or incredible, that evidence may be.'") (citations omitted).

*Accord United States v. Ruiz*, 59 F.3d 1151 (11th Cir. 1995); *Strauss v. United States*, 376 F.2d 416 (5th Cir. 1967). Moreover, in deciding whether such a foundation exists, the Court is obliged to view the evidence in the light most favorable *to the accused. United States v. Middletown*, 690 F.2d 820, 826 (11th Cir. 1982), *cert. denied*, 103 S.Ct. 1497 (1983); *United States v. Lewis*, 592 F.2d 1282, 1286 (5th Cir. 1979).

*United States v. Garner*, 529 F.2d 962, 970 (6th Cir.), *cert. denied*, 429 U.S. 850 (1976) ("when a theory of defense finds some support in the law, a defendant is entitled to some mention of that theory in the instructions ... [e]ven when the supporting evidence is weak or of doubtful credibility").

## REQUEST NO. 28

### *[VENUE]*

In this case, the government has alleged in each of Counts 2-5 that the wire communication was committed, at least in part, in the Southern District of New York.  In order to satisfy the venue element as to each of Counts 2-5, the government must prove [by a preponderance of the evidence] [beyond a reasonable doubt] that the charged wire communication began, continued or was completed in the Southern District of New York.  Thus, for example, if the government fails to prove that a particular e-mail was sent to or from the Southern District of New York, you must find Mr. Levis not guilty of that count.


**Authorities:**

*United States v. Gaudin*, 515 U.S.506 (1995) (each element of an offense must be proven beyond a reasonable doubt); *but see United States v. Maldonado-Rivera*, 922 F.2d 934, 969 (2d Cir. 1990) ("venue however is not an element of the offense"); *see also United States v. Royer*, 549 F.3d 886, 893 n. 7 (2d Cir. 2008) (rejecting argument that *Apprendi* "and various other cases" required the government to prove venue beyond a reasonable doubt rather than by a preponderance of the evidence) (citations omitted); *see also United States v. Ramirez*, 420 F.3d 134 (2d Cir. 2005) (dismissing mail fraud count for lack of venue and rejecting argument that venue was proper where the "scheme" was devised), *cert. denied*, 546 U.S. 1113 (2006).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that on April 26, 2010, I electronically filed the foregoing document through CM/ECF, which will then transmit a copy of the document to:

William Stellmach, AUSA
U.S. Attorney's Office
Southern District of New York
1 St. Andrews Plaza
New York, NY 10007
William.stellmach@usdoj.gov.


    */s/ Roy Black*
ROY BLACK, ESQ.