To Be Part of Trial Record.

Thomas P. Griesa  4/29/10

USDJ

April 28, 2010

**United States of America v. Mario S. Levis (08 Cr. 181)**

### **List of Elements**

Securities Fraud Count

In order to find the defendant guilty on Count One you must find that the Government has proved beyond a reasonable doubt that at some time between 2002 and 2005 the defendant employed a scheme to defraud investors in the stock of Doral Financial Corporation.  The indictment charges that this scheme to defraud involved two kinds of misrepresentations:



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/29/10

(a)  The indictment charges that the defendant represented to investors and analysts that there were caps embedded in all of the sales contracts selling the mortgages to banks, that these caps were at a level significantly below the weighted average coupon of the mortgage pools, and that in early 2005 those caps were about to be triggered, which would prevent further writedowns in the value of the IO's.

(b)  The indictment charges that the defendant represented to investors and analysts that, in connection with the valuation of Doral's IO's, Doral obtained three valuations - one performed internally by Doral itself, and two external

-2-

valuations performed by independent parties, and that Doral recorded the lowest valuation of the three.

Since the claimed scheme to defraud is alleged to have consisted of these misrepresentations, in order to deal with Count One, you must determine whether you find the defendant guilty of the misrepresentations. And you must consider each one and determine whether or not you find the defendant guilty of each.

In order to find the defendant guilty of making the misrepresentations regarding caps you must find that the Government has proved each of the following elements beyond a reasonable doubt.

1.   That the defendant represented to investors and analysts in substance that there were caps embedded in all of the sales contracts selling the mortgages to banks, that these caps were at a level significantly below the weighted average coupon of the mortgage pools, and that in early 2005 those caps were about to be triggered, which would prevent further writedowns in the value of the IO's.

2.   That these statements were material.

3.   That these statements were false.

4.   That the defendant knew they were false.

5.   That the defendant intended to deceive, that is, he intended that investors and analysts would believe the false

statements.

6.     That the statements were made in connection with the
purchase or sale of Doral stock.

Good faith is a defense to a charge of fraud.  An honest belief in
the truth of a representation is a good defense, no matter how inaccurate the
statement may turn out to be.  In considering whether or not the defendant
acted in good faith, you are instructed that a belief by the defendant, if such a
belief existed, that ultimately everything would work out favorably for investors
does not require a finding by you that he acted in good faith.  No amount of
honest belief on the part of a defendant that the problems about interest rates
would ultimately work out satisfactorily will excuse the knowing making of
specific false representations.

In order to find the defendant guilty in connection with the alleged
misrepresentations regarding the valuations, you must find that the
Government has proved each of the following elements beyond a reasonable
doubt.

1.     That the defendant represented to investors and analysts
that, in connection with the valuation of Doral's IO's, Doral
obtained three valuations - one performed internally by
Doral itself, and two external valuations performed by

independent parties, and that Doral recorded the lowest valuation of the three.

2. That the statements were material.

3. That the statements were false.

4. That the defendant knew they were false.

5. That the defendant intended to deceive, that is, he intended that investors and analysts would believe the false statements.

6. That the statements were made in connection with the purchase or sale of Doral stock.

In order to find the defendant guilty on Count One, it is not necessary to find him guilty on both of the charges of misrepresentation. It is sufficient that you find him guilty of only one of the claims of misrepresentation. In other words, if you find that the defendant participated in a scheme to defraud investors in Doral stock by misrepresentations regarding the caps, or misrepresentations about independent evaluations, or both kinds of misrepresentations, then this would form the basis of a guilty finding in Count One.

I should add that in order to find the defendant guilty on Count One, you must find beyond a reasonable doubt that the execution of the scheme to defraud found by you, if you so find, involved in some reasonably

foreseeable way the use of interstate commerce, such as the use of emails or telephone lines to communicate interstate.

Wire Fraud Counts

Counts Three, Four, and Five are wire fraud counts. The elements that you must find in order to convict are very similar to the elements defined in connection with the securities fraud count in Count One. This will be obvious to you as I describe those elements. However, I should note that under the applicable federal statutes, securities fraud and wire fraud are separate crimes. The Government has the right to charge them separately and the jury has the duty to consider whether the defendant has committed each of the crimes charged.

In order to find the defendant guilty on any of Counts Three, Four, or Five, you must find that the Government has proved beyond a reasonable doubt that the defendant devised a scheme to defraud investors in the stock of Doral Financial Corporation, and that the defendant transmitted or caused to be transmitted a wire communication in interstate commerce for the purpose of executing such scheme.

The indictment charges that the scheme to defraud involved the same two kinds of misrepresentations as are alleged with respect to the securities fraud count. However, the structure of the wire fraud counts is different from the structure of the securities fraud count. An essential element

-6-

of a wire fraud count is the transmission of a wire communication for the purpose of executing the scheme to defraud. Thus there are separate wire fraud counts alleging different kinds of communications. Count Three and Four allege email communications allegedly conveying the misrepresentations regarding caps. Count Five alleges the communication of the 2004 Form 10K, allegedly containing the misrepresentations about the evaluations. Thus the verdict form is necessarily organized differently for the wire fraud counts than for the securities fraud count.

In order to find the defendant guilty of making the misrepresentations regarding the caps and guilty on either Count Three or Four, you must find that the Government has proved each of the following elements beyond a reasonable doubt.

1. That the defendant represented to investors what is described in the first element in the comparable section relating to Count One.

2. That the statements were material.

3. That the statements were false.

4. That the defendant knew they were false.

5. That the defendant intended to deceive and to thereby cause harm to the victims of the scheme.

6. That the wire communication referred to in the indictment

with respect to the particular count was made or caused to be made by the defendant for the purpose of executing the scheme to defraud.

In order to find the defendant guilty of making the misrepresentations regarding evaluations and guilty on Count 5, you must find that the Government has proved each of the following elements beyond a reasonable doubt.

1. That the defendant represented to investors what is described in the first element as the comparable section of Count One.

2. That the statements were material.

3. That the statements were false.

4. That the defendant knew they were false.

5. That the defendant intended to deceive and to thereby cause harm to the victims of the scheme.

6. That the wire communication referred to in the indictment with respect to the particular count was made or caused to be made by the defendant for the purpose of executing the scheme to defraud.

The indictment charges that the following wire communications were made in connection with the counts:

-8-

| Count | Wire Communication | Date | Sent From | Sent To |
|---|---|---|---|---|
| 3 | Email from LEVIS to an analyst | February 10, 2005 | Puerto Rico | New York, NY |
| 4 | Email from LEVIS to an analyst | February 15, 2005 | Puerto Rico | New York, NY |
| 5 | Form 10-K for 2004 | March 15, 2005 | Puerto Rico | Washington, DC |