UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|         ) | |
|    *Plaintiff,*    ) | |
|         ) | |
| v.    ) | CRIMINAL NO. 1:08-CR-181 (TPG)(S) |
|         ) | |
| MARIO S. LEVIS,    ) | |
| a/k/a "Sammy Levis,"    ) | |
|         ) | |
|    *Defendant.*    ) | |
| _____  ) | |

## DEFENDANT'S MOTION FOR NEW TRIAL
## AND INCORPORATED MEMORANDUM OF LAW

The defendant, MARIO S. LEVIS, through undersigned counsel, respectfully moves this Court for a new trial, pursuant to Fed. R. Crim. P. 33. The Court should grant Mr. Levis a new trial because his right to a fair trial was violated by two categories of trial errors. We briefly summarize these errors below and adopt the lengthy legal discussions of these issues presented in *Defendant's Motion For Bond Pending Appeal*, which is being filed simultaneously herewith.

As demonstrated in Section I of the bond motion, the Court violated Mr. Levis's right to present a defense, as guaranteed by the Fifth and Sixth Amendments, through an escalating series of prejudicial rulings, which: (1) excluded evidence relevant to the "materiality," "willfulness" and "falsity" elements of the charges, (2) barred defense counsel from asking the jury in closing argument to draw favorable inferences about these same elements from evidence already in the record (some of which was elicited by this Court itself) and (3) instructed the jury that this favorable evidence was "totally irrelevant" and "not a defense" to the charges, and denied Mr. Levis's theory of defense instructions. S*ee Defendant's Motion For Bond Pending Appeal*, Section II(A), pp. 9-25.

As demonstrated in Section II of the bond motion, the Court's jury instructions diluted, mis-stated and, in some instances, completely eliminated essential elements of the charged crimes. The Court refused to require the government to prove or for the jury to find that Mr. Levis acted "willfully" – an essential element of both securities and wire fraud. The Court then further diluted the government's burden of proof on the securities fraud charge in Count 1 by defining the *mens rea* element as only "an intent to deceive" *without* requiring the government to prove or the jury to find that Mr. Levis acted "'with a realization ... that he was doing a wrongful act' ... and that the knowingly wrongful act involve a significant risk of effecting the violation [of the securities laws] that has occurred." *United States v. Peltz*, 433 F.2d 48, 54-55 (2d Cir. 1970) (citation omitted), *cert. denied*, 401 U.S. 955 (1971). See also *United States v. Cassese*, 428 F.3d 92, 98 (2d Cir. 2005); *United States v. Chiarella*, 588 F.2d 1358, 1370-71 (2d Cir. 1978); *United States v. Dixon*, 536 F.2d 1388, 1395-97 (2d Cir. 1976); *United States v. Schlisser*, 168 Fed. Appx. 483, 485-86 (2d Cir. 2006) (unpublished). See *Defendant's Motion For Bond Pending Appeal*, Section II(A), pp. 25-28.

The Court's instructions on wire fraud contained at least four serious defects. See *Defendant's Motion For Bond Pending Appeal*, Section II(A), pp. 28-42. First, the Court eliminated all references to the "money or property" element and, in charging the jury, affirmatively stated that this element was not required. See *United States v. Covino*, 837 F.2d 65, 71 (2d Cir. 1988) (reversing wire fraud conviction where neither the indictment nor the jury instruction required the jury to find that the victim "was defrauded of money or property"). To be sure, the Court included in its definition of the intent element that the government had to prove that Mr. Levis's acts "would deprive them of the ability to make investment decisions." However, the Court only included that

requirement in its oral instructions to the jury and omitted it from the written List of Elements it gave the jury to use during its deliberations.

In any event, to the extent that this phrase was intended to refer to the "right to control" line of property right cases in the Second Circuit, it was improper to allow the jury to consider that theory. The Grand Jury charged Mr. Levis *only* under a traditional "money or property" theory, not a "right to control" theory. *See United States v. D'Amato*, 39 F.3d 1249, 1255, 1257 (2d Cir. 1994) (discussing indictment treating "property right" theory as distinct from "right to control" theory). This instruction, therefore, constructively amended the indictment, a *per se* violation of the Presentment Clause of the Fifth Amendment. *See generally Stirone v. United States*, 361 U.S. 212, 215-16 (1960); *United States v. Milstein*, 401 F.3d 53, 65 (2d Cir. 2004) (per curiam); *United States v. Wozniak*, 126 F.3d 105, 109 (2d Cir. 1997); *United States v. Roshko*, 969 F.2d 1, 5-6 (2d Cir. 1992). Second, as to the "materiality" element, the Court's instructions informed the jury that the meaning of the "materiality" element for wire fraud was the same as the definition for securities fraud which the Court read to the jury (but also omitted from the written List of Elements). However, the Second Circuit in *United States v. Mittelstaedt*, 31 F.3d 1208, 1217 (2d Cir. 1994), held that the definitions were *not* the same. Mr. Levis requested an instruction that defined the difference, but the Court declined to give it. That instruction was based on the holding of *Mittelstaet* where the Second Circuit explained that "[t]o be material, the information withheld either *must be of some independent value or must bear on the ultimate value of the transaction.*" *Id.* at 1218 (citation omitted). *See also United States v. Rigas*, 490 F.3d 208, 231 (2d Cir. 2007) (applying requirement to bank fraud); *United States v. Autuori*, 212 F.3d 105, 118 (2d Cir. 2000).

-3-

Third, the Court's definition of intent was contrary to numerous Second Circuit decisions, which hold that an "intent to harm" is not enough and that district courts must require, in their instructions, (*see Mittelstaedt*, 31 F.3d at 1217), that the harm be of a "pecuniary" or economic nature affecting the "property rights of the victim." *See Autuori*, 212 F.3d at 116 (citations omitted). Without that additional requirement, the instruction permits a conviction based on "metaphysical" harm. *See United States v. Starr*, 816 F.2d 94, 100 (2d Cir. 1987) (criticizing government's argument for not explaining how the defendants "*intended* the misappropriation to cause direct pecuniary harm to their alleged victims" rather than some "metaphysical" harm) (emphasis in original).

Fourth, the combination of these instructional errors transformed what was indicted *only* under a "money or property" theory into an "intangible right" prosecution, requiring only an "intent[] to deceive and thereby cause harm" unconnected to any form of "property." Thus, the instructions, read together, also constructively amended the indictment by transforming it into an intangible right case when Mr. Levis was not charged under 18 U.S.C. § 1346. Moreover, since the facts of this case did not involve kickbacks or bribery, such an intangible right theory would not state an offense, even if it had been charged, in light of the Supreme Court's recent rulings in *Skillings v. United States*, No. 08-1394 (U.S. June 24, 2010), *2010 U.S. LEXIS 5259*; and *Black v. United States*, No. 08-876 (U.S. June 24, 2010), *2010 U.S. LEXIS 5253*. S*ee Defendant's Motion For Bond Pending Appeal*, Section II(A), pp. 9-25.

## CONCLUSION

For all of the foregoing reasons, Mr. Levis requests that the Court grant him a new trial.

                            Respectively submitted,

                              /s/ Roy Black
                            **ROY BLACK, ESQ.**
                            (FL Bar No. 126088)
                            HOWARD SREBNICK, ESQ.
                            (FL Bar No. 919063)
                            MARIA D. NEYRA, ESQ.
                            (FL Bar No. 074233)
                            BLACK, SREBNICK, KORNSPAN
                            & STUMPF, P.A.
                            201 South Biscayne Boulevard
                            Suite 1300
                            Miami, Florida 33131
                            Phone (305) 371-6421
                            Fax (305) 358-2006
                            rblack@royblack.com.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that on June 30, 2010, I electronically filed the foregoing document through CM/ECF, which will then transmit a copy of the document to:

William Stellmach, AUSA
U.S. Attorney's Office
Southern District of New York
1 St. Andrews Plaza
New York, NY 10007
William.stellmach@usdoj.gov.

                              /s/ Roy Black
                            **ROY BLACK, ESQ.**