# Exhibit C

Edgar Filing: DORAL FINANCIAL CORP - Form 10-Q

Table of Contents

# UNITED STATES
## SECURITIES AND EXCHANGE COMMISSION
### Washington, DC 20549

## FORM 10-Q

þ    **QUARTERLY REPORT PURSUANT TO SECTION 13 OR 15(D) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the quarterly period ended June 30, 2009

**or**

o    **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(D) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the transition period from _____ to _____

## COMMISSION FILE NUMBER 0-17224
## DORAL FINANCIAL CORPORATION
(EXACT NAME OF REGISTRANT AS SPECIFIED IN ITS CHARTER)

| | |
|---|---|
| Puerto Rico | 66-0312162 |
| (State or other jurisdiction of incorporation or organization) | (I.R.S. employer identification number) |

| | |
|---|---|
| 1451 F.D. Roosevelt Avenue, San Juan, Puerto Rico | 00920-2717 |
| (Address of principal executive offices) | (Zip Code) |

(787) 474-6700

(Registrant s telephone number, including area code)

Not applicable

(Former name, former address and former fiscal year, if changed since last report)

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.

Yes þ No o

Indicate by check mark whether the registrant has submitted electronically and posted on its corporate Web site, if any, every Interactive Data File required to be submitted and posted pursuant to Rule 405 of Regulation S-T (§232.405 of this chapter) during the preceding 12 months (or for such shorter period that the Registrant was required to submit and post such files).

Yes o No o

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, or a smaller reporting company. See the definitions of  large accelerated filer, accelerated filer   and  smaller reporting company   in Rule 12b-2 of the Exchange Act. (Check one):

Large accelerated filer o    Accelerated filer þ    Non-accelerated filer o    Smaller reporting company

(Do not check if a smaller reporting company)

Indicate by check mark whether the registrant is a shell company (as defined in rule 12b-2 of the Exchange Act).

Yes o No þ

Indicate the number of shares outstanding of each of the issuer s classes of common stock, as of the latest practicable date.

Common stock: 57,764,002 outstanding as of August 3, 2009.

2

Table of Contents

The Company evaluates each customer s credit worthiness on a case-by-case basis. The amount of collateral, if deemed necessary by the Company upon extension of credit, is based on management s credit evaluation of the counterparty.

## 25. Commitments and Contingencies

Total minimum rental commitments for leases in effect at June 30, 2009, were as follow:

| (In thousands) | |
|---|---|
| 2010 | $ 5,704 |
| 2011 | 5,110 |
| 2012 | 4,680 |
| 2013 | 3,715 |
| 2014 | 3,720 |
| 2015 and thereafter | 20,842 |
| | $ 43,771 |

Total rent expense for the quarter and six month period ended June 30, 2009 amounted to approximately $1.5 million and $3.5 million, respectively, compared to $1.7 million and $3.7 million for the corresponding 2008 periods.

Doral Financial and its subsidiaries are defendants in various lawsuits or arbitration proceedings arising in the ordinary course of business, including employment related matters. Management believes, based on the opinion of legal counsel, that the aggregated liabilities, if any, arising from such actions will not have a material adverse effect on the financial condition or results of operations of Doral Financial.

Since 2005, Doral Financial became a party to various legal proceedings, including regulatory and judicial investigations and civil litigation, arising as a result of the Company s restatement.

**Legal Matters**

On August 24, 2005, the U.S. Attorney s Office for the Southern District of New York served Doral Financial with a grand jury subpoena seeking the production of certain documents relating to issues arising from the restatement, including financial statements and corporate, auditing and accounting records prepared during the period from January 1, 2000 to the date of the subpoena. Doral Financial is cooperating with the U.S. Attorney s Office in this matter, including by producing documents and other information in response to the subpoena. Doral Financial cannot predict the outcome of this matter and is unable to ascertain the ultimate aggregate amount of monetary liability or financial impact to Doral Financial of this matter.

**Banking Regulatory Matters**

On March 16, 2006, Doral Financial entered into a consent cease and desist order with the Federal Reserve. The mutually agreed upon order required Doral Financial to conduct reviews of its mortgage portfolio, and to submit plans regarding the maintenance of capital adequacy and liquidity. The consent order contains restrictions on Doral Financial from obtaining extensions of credit from, or entering into certain asset purchase and sale transactions with its banking subsidiaries, without the prior approval of the Federal Reserve. The consent order restricts Doral Financial from receiving dividends from the banking subsidiaries without the approval of the respective primary banking regulatory agency. Doral Financial is also required to request permission from the Federal Reserve for the payment of dividends on its common stock and preferred stock not less than 30 days prior to a proposed dividend declaration date and requires Doral Financial and Doral Bank PR to submit plans regarding the maintenance of minimum levels of capital and liquidity. Doral Financial has complied with these requirements and no fines or civil money penalties were assessed against the Company under the order.

33