UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>   *Plaintiff,* )<br>)<br>v. )<br>)<br>MARIO S. LEVIS, )<br>a/k/a "Sammy Levis," )<br>)<br>   *Defendant.* )<br>_____ ) | CASE NO. 08-CR-181 (TPG)(S) |

### DEFENDANT'S MOTION TO STAY RESTITUTION PENDING APPEAL

Defendant, **MARIO S. LEVIS**, through counsel, respectfully moves this Court, pursuant to Fed. R. Crim. P. 38(e)(1), to stay the payment of restitution pending the outcome of his appeal.

1. Mr. Levis was convicted of securities and wire fraud offenses. On November 19, 2010, this Court entered its judgment, sentencing Mr. Levis to a term of 60 months imprisonment, permitting Mr. Levis to remain out on bond pending appeal, and deferring the determination of restitution until February 16, 2011. *See* D.E. 106. On November 22, 2010, Mr. Levis filed a notice of appeal of this Court's judgment to the U.S. Court of Appeals for the Second Circuit (the "Second Circuit"). *See* D.E. 109.

2. On February 2, 2011, after reviewing the claim for restitution filed by Mr. Levis's former employer, Doral Financial Corporation ("Doral"), and written submissions by the parties, this Court awarded $1,894,261.80 in restitution to Doral. *See* D.E. 115. On March 2, 2011, this Court amended its November 19, 2010 judgment to reflect $1,894,261.80 in restitution to Doral. *See* D.E. 116. On March 7, 2011, Mr. Levis filed an amended notice of appeal to the Second Circuit. *See* D.E. 117.

3. This Court has the discretion to stay the portion of its judgment ordering restitution:

> If the defendant appeals, the district court, or the court of appeals under Federal Rule of Appellate Procedure 8, may stay--on any terms considered appropriate--any sentence providing for restitution under 18 U.S.C. §3556 or notice under 18 U.S.C. §3555.

Fed. R. Crim. P. 38(e)(1). This Court should exercise its discretion under Rule 38(e)(1) and stay Mr. Levis's restitution obligation until his appeal to the Second Circuit is resolved.

4. As a threshold matter, a stay appears to be contemplated by this Court's amended judgment of March 2, 2011. The amended judgment provides that "[u]nless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment." See D.E. 116 at 5. As the undersigned reads this provision, since any "period of imprisonment" would not begin until after Mr. Levis's appeal is resolved, any payment of a criminal monetary penalty, such as the $1,894,261.80 restitution amount, would also not be due until the appeal is resolved.[1] A formal order staying restitution would only make explicit what is already implied in the amended judgment.

5. Moreover, a stay of restitution is appropriate given that a reversal by the Second Circuit would entitle Mr. Levis to a return of any restitution payments made. In permitting Mr. Levis to remain released pending the resolution of his appeal, this Court has determined that his appeal has the potential to result in reversal, a new trial, or a reduced sentence. See 18 U.S.C. §3143(b)(1)(B). A reversal by the Second Circuit would entitle Mr. Levis to a return of restitution payments already made to the government, which could in turn precipitate further costly and protracted litigation between the government, Mr. Levis, and Doral. See, e.g., United States v. Beckner, 16 F. Supp. 2d 677, 679 (M.D. La. 1998) (ordering government to pay defendant the sum of restitution money it recovered from defendant and distributed to victims upon reversal of defendant's conviction by circuit court). It is, therefore, in the best interest of the parties and judicial economy for this Court

---

[1] This reasoning, of course, does not apply to the $300 special assessment, since the amended judgment provides that such amount is "due immediately." See D.E. 116 at 5. Mr. Levis has already paid that amount.

to treat the restitution order the same as its order of imprisonment, and stay its enforcement pending the appeal.

Accordingly, Mr. Levis respectfully requests that this Court enter a stay of the restitution payments until such time as his appeal is resolved.

Respectfully submitted,

_____
ROY BLACK, ESQ.
(FL Bar No. 126088)
HOWARD SREBNICK, ESQ.
(FL Bar No. 919063)
MARIA D. NEYRA, ESQ.
(FL Bar No. 074233)
BLACK, SREBNICK, KORNSPAN
& STUMPF, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
Phone (305) 371-6421
Fax (305) 358-2006
rblack@royblack.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that on March 9, 2011, I electronically filed the foregoing document through CM/ECF, which will then transmit a copy of the document to:

DAVID MILLER
Assistant United States Attorneys
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007
David.Miller@usdoj.gov

_____
ROY BLACK, ESQ